. JEAN HERMANN RABOTEAU *v.* OSCAR VALETON.

A sheriff or marshal is the agent of the plaintiff in execution only so far as he derives authority from the writ placed in his hands. The moment it is returned into court, his authority ceases.

The right given by the 13th section of the act of 20th March, 1839, to a plaintiff who has applied for a writ of *fi. fa.,* to propound interrogatories to a third person believed to have property or effects under his control belonging to the defendant, or to be indebted to him, can only be exercised so long as the writ remains in the hands of the sheriff.

APPEAL from the City Court of New Orleans, *Collins,* J.

SIMON, J. The record shows that, the plaintiff having obtained judgment against the defendant for a certain amount with interest, a writ of *fieri facias* was issued on the 25th of November, 1844, on the back of which, the city marshal made the following return : " Received, November 25, 1844, and on the 11th of December, executed the within writ, *by seizing in the hands of Daquin brothers, all sums of money, rights or credits, and property belonging to the defendant, to an amount sufficient to satisfy the*

*debt and costs.*" The writ was returned on the 4th of January, 1845.

On the 31st of the same month, on the motion of the plaintiff, *Daquin brothers* were ordered to answer, under oath, certain interrogatories, propounded for the purpose of ascertaining the amount which they might owe to the defendant, which interrogatories were not answered, and judgment was rendered against them as garnishees, for the whole amount of the judgment originally rendered against said defendant.

A few days after this judgment was rendered, the garnishees obtained a rule on the plaintiff to show cause why it should not be set aside, on three grounds, the first of which is the only one insisted on below, to wit, that the proceedings under which the garnishees were cited are irregular and null, as there was no petition served on them, and no writ of *fieri facias* in the hands of the sheriff when they were cited as garnishees. The rule was discharged, and the garnishees have appealed.

This appeal is taken from the two judgments, and the only question which the case presents is, whether the appellants could be compelled to answer the appellee's interrogatories, and have been legally made liable to pay the amount due by the defendant?

We have already noticed that, at the time when the interrogatories were propounded to the appellants, there was no writ of *fieri facias* in the hands of the marshal, the same having been returned about twenty-seven days before. The return shows that the writ had been executed, by seizing in the hands of said appellants, all sums of money, rights, credits, &c. belonging to the defendant; but it does not specify the nature of the rights, credits and property which were seized, and nothing shows that the garnishees were ever notified by the marshal of the levy of the writ on any thing they might have had in their hands belonging to the defendant. Was this a seizure, would be the first question presented in an ordinary case in which the effect of the levy should be contested, and might perhaps be answered in the negative, as, although the object said to have been seized was an incorporeal right, which the marshal could not take possession of, it was perhaps necessary that the amount seized

should be known, and the nature of the property ascertained, in order to enable him to proceed according to law in disposing of the property seized under the writ which he had in his hands ; for, if he could not ascertain the amount on which he intended to levy the writ, in the hands of a third person, by calling on said third person to declare it, the plaintiff in the execution would become then entitled to proceed according to the law of 1839, for the purpose of fixing the levy upon a specific sum or thing, and of ascertaining the nature of the right, credits or other property upon which the levy might be made. Here, the writ was returned about twenty-four days after this irregular levy, and it does not appear that any further step was taken by the sheriff, nor any proceeding had in the mean time to make it effectual, either by making the necessary enquiries as to the reality or existence of the amount and property seized, or by resorting to the remedy pointed out by the law of 1839, previous to returning the writ.

It is a general principle, repeatedly recognized, that a sheriff, or marshal, is no further the agent of a plaintiff in execution than such authority is derived from the writ placed in his hands; and that the instant it is returned into court, the authority of the officer ceases. See 2 La. 280. 1 Rob. 540. 2 Ib. 341. And the case of *Cochrane et al.* v. *Bank of the United States, ante p.* 64. Here, as we have already said, the levy was perhaps irregular and ineffectual ; but without considering that, it will suffice to examine the law of 1839, under which the proceedings complained of were had, to be satisfied that the appellee could not resort to the remedy therein pointed out, unless a writ of *fi. fa.* was in the hands of the marshal at the time the interrogatories were propounded, or, at least, unless he had applied for one upon which his proceedings should be based. In the case of *Simpson* v. *Wiltz et al.* decided in May, 1844, we explicitly held that the right given by the 13th section of the law of 1839, (B. & C.'s Dig. p. 458), could only be exercised when the plaintiff in a cause has applied for a writ of *fi. fa. ;* and that such plaintiff is entitled to the remedy therein provided for, only as long as the writ remains in the hands of the sheriff. The provisions of that law indicate clearly that such was the intention of the

Raboteau v. Valeton.

law maker, for, after having pointed out the proceedings necessary to obtain the answers of the garnishee to the interrogatories, to be in the same manner as are provided for in relation to garnishees in cases of attachment, and the effect of his neglect or refusal to answer, the law goes on to say : " In case the third person shall confess in his answers that he has property or effects in his possession, or under his control, belonging to the defendant, or is indebted to him in any sum of money, the court shall order him forthwith *to deliver up said property, to pay such sum to the sheriff, &c.*, and the property and effects, in the possession of a third person, belonging to the defendant, or debts due by him to such defendant, shall be decreed *to be levied as by the sheriff* from the date of the service of the interrogatories on such persons."    Thus, it seems to us clear, that the proceedings to be had under the law of 1839, are the necessary consequence of the placing of a writ of *fi. fa.* in the hands of the sheriff, and that the property and effects, or the sum of money found in the possession of the garnishees as belonging to the defendant, and which are to be delivered up to the sheriff, cannot be *levied on,* unless said sheriff has in his hands a writ of execution from which he derives his authority to act, and to the satisfaction of which the property levied on, or the money received, is to be applied.    We are of opinion that the proceedings complained of are irregular, and that the appellants cannot be made liable under them.

It is, therefore, ordered and decreed, that the judgment of the City Court be annulled, and reversed, and that the rule obtained by the garnishees and appellants be made absolute, with costs in both courts.

*Raboteau,* plaintiff, *pro se.*
*Bodin,* for the appellants.