## COPLEY *v.* FRETWELL.

The right given by the 13th section of the stat. of 20 March, 1839, to a plaintiff who has applied for a *fi. fa.*, to propound interrogatories to third persons, believed to have property or effects under their control belonging to the defendant, or to be indebted to him, can be exercised only while the writ remains in the hands of the sheriff.

APPEAL by the plaintiff from a judgment of the District Court of Madison, in favor of certain garnishees, *Curry*, J. *H. W. Dunlap*, for the appellant. *Snyder* and *Shannon*, for the garnishees. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff having obtained judgment against *J. G. Fretwell*, issued a *fieri facias.* This writ bears date on the 1st day of January, 1844, and was returnable in seventy days ; so that the authority of the sheriff to make any seizure under it, expired on the 12th March, 1844. On this writ, as appears by the return thereof, made on the 24th August, 1844, the sheriff made no seizure whatever. On the 22d May, 1844, the plaintiff obtained leave of court to file a petition, the object of which was to make the present appellees garnishees, pursuant to the act of 1839. Interrogatories were annexed. The citations were served in the following June.

It is quite unnecessary to enquire into the alleged default of the garnishees, and the defectiveness of their answers. The proceedings against them were *ab initio* null and void. A *fieri facias* is the basis of this proceeding under the act of 1839 ; and by the express terms of the statute the property and effects

in the hands of the garnishees, " shall be decreed to be levied as by the sheriff, from the date of the service of the interrogatories on such persons." There could be no levy after the time limited in the writ had expired, and the proceedings against the garnishees are consequently void. See the case of *Raboteau* v. *Valeton*, 11 Rob. 220. *Simpson* v. *Allain*, 7 Rob. 500. *Dugat* v. *Babin*, 8 Mart. N. S. 372. *Judgment affirmed.*