J. J. Goodman & Son *v.* Wm. Allen et al;
John Carroll *v.* Goodman et al;
Lexington Insurance Co. *v.* Wm. Allen et al;
John Carroll *v.* Lexington Insurance Cô.

The surety, on a bond for the release of property attached, cannot be made liable until the condition of the bond be broken and the principal put in delay.

APPEAL from the Fourth District Court of New Orleans, *Reynolds, J. Mott*, for plaintiffs. *Semmes & Edwards*, for *Moses Greenwood*, appellant.

Voorhies, J. The facts which give rise to this controversy are fully stated in the case between these parties, reported in 6th Annual, p. 373. *John Carroll*, as third opponent, claimed the ownership of the steamboat New Hampshire, attached in several cases, which were consolidated. By order of the Court, he was permitted to bond the steamer for the sum of $3200. The condition of the bond is, that he, as principal, and *Moses Greenwood*, as surety, "agree to abide by the order of the Court, and, under the same, are responsible for safe return and restoration of the steamer New Hampshire, to abide the further order of the Court." The only judgment rendered in those consolidated cases, was a judgment in favor of the plaintiffs against the defendants, "with privilege on the property according to the order of the respective attachments." It is silent as to *Carroll*, the intervenor. On the return of *nulla bona*, on a writ of *fieri facias*, issued on that judgment, the plaintiffs took a rule on *Moses Greenwood*, the surety on the bond, to show cause why he should not be condemned to pay the plaintiffs the amount of the bond. The rule, on appeal, was discharged by the Supreme Court as in case of non-suit, the Court assigning as reasons, "that the creditors cannot ask judgment by rule against the surety, without a *fi. fa.* against, or, at least, a putting in default of the principal. No call by *fi. fa.* or otherwise, has been made upon *Carroll* for the restoration of the vessel or the payment of the bond." In his petition of intervention, *Carroll* claimed his residence at Pittsburg, Pennsylvania. He died at Cincinnati, Ohio, on the 1st of January, 1848. In November, 1851, *George W. Hynson* was appointed curator of his estate; and on the 17th of the same month, the the plaintiffs filed a petition against him, alleging that the suits thus instituted by them against the defendants were consolidated only so far as the attachments were concerned, and that *Carroll* was allowed to take the steamer on the conditions stipulated in his bond. That the cases were submitted to the Court and judgment rendered thereon against the defendants, "but that no express judgment was rendered against the said *Carroll*." They pray that the claim of *Carroll*, and of his succession, to the steamboat New Hampshire may be rejected and disallowed, and that he be condemned to return the steamer to the possession of the Sheriff, and, in default thereof, that he be condemned as curator to pay them the sum of $3200. The curator answered by pleading the general issue, and reiterating the averments of *Carroll*, whose succession he prayed be declared the owner of the vessel, and the bond released. *Moses Greenwood* filed the following appearance in this case: "*M. C. Edwards* and *T. J. Semmes, Esq'rs*, appear herein on behalf *M. Greenwood*, surety on the intervenor's bond, and as far as said *Greenwood's* interest is concerned they ap-

pear also to defend the curator of the intervenor, the said curator is present in Court himself." On these pleadings the parties went to trial, and the District Court having rendered judgment in favor of the plaintiffs against *Moses Green-wood* for the sum of $3200, the latter appealed.

We think the District Judge erred. As regards *Carroll's* claim to the steamboat New Hampshire, it is obvious that the question still remains unsettled; and it is equally obvious that the object of this suit was not intended to involve any other issue. It is clear that the surety cannot be made liable until the condition of the bond be forfeited, and the principal be put in delay. But it does not devolve upon us to say, whether the question of title to the vessel can affect the rights of the plaintiffs, as the cause of action is for damages resulting from a collision by that vessel.

The appellees complain of the judgment of the inferior Court, and pray that it be amended, so as to give them a judgment for the amount claimed against the succession of *Carroll*. We are not prepared to say that they are entitled to such relief, as there was no judgment rendered by the inferior Court on their demand against the succession, and the latter is not appellant.

The conclusion to which we have come renders it unnecessary to notice the bills of exceptions in the record.

It is, therefore, decreed, that the judgment of the District Court be reversed, and that there be judgment in favor of the appellant as in case of non-suit, the costs of suit in both Courts to be borne by the plaintiffs and appellees.