S. Pollock *v.* V. Williams—B. L. Mann, Garnishee.

Plaintiff must apply for or cause a *fi. fa.* to issue against his judgment debtor before he can proceed against the garnishee, under the Act of March 20th, 1839.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Jourdan*, for plaintiff.   *Race & Foster*, for garnishee and appellant.

Campbell, J.   The plaintiff having obtained judgment for a sum of money against *Vincent Williams*, filed his petition, suggesting that *B. L. Mann* held in his hands rights, credits, moneys and effects, belonging to his judgment debtor, and praying that he be cited as garnishee, and ordered to answer interrogatories.

The garnishee, upon being served with the interrogatories and order of the court, addressed an informal letter to the judge, stating that he had never had but one transaction with *Williams*, the judgment debtor; that he had stored hay with him and made payments on account; that bills had not yet been presented; but that upon a settlement, he would probably be indebted in the sum of two hundred dollars, more or less, which amount he proffered to hold subject to the order of the court.   This letter having been filed as an answer, plaintiff ruled the garnishee to show cause why judgment should not be rendered against him for $600, and interest, the amount of his judgment, on the ground that each interrogatory was not answered, &c.   In answer to this rule, the garnishee, under oath, declared that he was unable, until a settlement should be made, to answer more fully; that in consequence of the garnishment, he would pay nothing to defendant, and, upon a settlement, would make full answers; for which purpose he prayed time.   The Judge being of opinion that the answer of garnishee did not exclude the possibility of his having property belonging to defendant, made the rule absolute, and the garnishee has appealed.

It is not pretended that the answer of the garnishee is not truthful.   Indeed, it is urged by appellee, that though in this instance the affirmance of the judgment may operate an injustice to the appellant, still, it should be decreed, inasmuch as "private loss and injury should be tolerated in support of public good, and individual inconvenience yield in support of sound general principles."

Whether the rule invoked is applicable to the present case, need not be inquired into, as we are of opinion, that the judgment is vitiated by the irregularity of the proceedings.

In the case of *Petway* v. *Gordin et al.* 12 R. 447, the Supreme Court, in interpreting the 13th sec. of Act of March 20, 1839, under which this proceeding is instituted, say, that "although this law was enacted for the purpose of facilitating the recovery of just debts, and of preventing debtors in bad faith from screening their property from the pursuit of their creditors, and thereby avoiding their being levied on by virtue of executions issued in due course of law, it should not be made to operate an injustice on innocent third persons, against whom judgment creditors think it proper or necessary to avail themselves of it, and that, as in cases of attachment, the proceedings pointed out by law, should be strictly complied with."   It has been repeatedly held, that as a judgment and *fi. fa.* form the foundation of the remedy under this statute, it can

only be exercised when the writ is in the hands of the Sheriff, or at least has been applied for, and that the garnishee may require, as a pre-requisite, proof of their existence. *Rabotem* v. *Valeton*, 11 R. 219. *Featherston* v. *Compton*, 3 A. 380. *Copely* v. *Fretwell*, 2 A. 310.

It is not alleged in the petition, nor does it appear from the evidence, that plaintiff ever applied for or caused a *fieri facias* to issue against the judgment debtor. The proceedings as against the garnishee are consequently void.

It is therefore ordered and adjudged, that the judgment of the District Court be reversed, and that there be judgment in favor of the appellant, as in case of nonsuit; the costs of both courts to be paid by plaintiff and appellee.