FRELLSEN, STEVENSON & Co. v. THOMAS C. ANDERSON.

When new proceedings of garnishment are commenced, the original proceedings are presumed to be abandoned.

A seizure made on an execution which has expired, is illegal and void.

The Act of 1855, which authorizes a Sheriff, in cases of garnishment, to retain a copy of the writ and proceed on that in the same manner as though the original was in his hands, does not empower the Sheriff to effect more with the copy than he could with the original execution. He could not, with the copy, make new seizures on expired writs.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*G. H. Helme* and *Semmes & Labatt*, for plaintiffs and appellants. *Elmore & King*, for defendant.

COLE, J. *T. C. Anderson*, residing in the parish of St. Landry, being indebted to *Frellsen & Co.*, pledged to them four promissory notes given by *T. A. Cook*, also a resident of that parish, for $5,000 each, secured by mortgage, payable respectively on the 1st of April, 1856, '7, '8 and '9.

On the 11th of December, 1856, *Frellsen & Co.* commenced proceedings in the Sixth District Court of New Orleans, to collect their debt by the sale of the notes pledged, and on the 17th of January, 1857, the Sheriff, on execution issued in the case, seized and took into his possession the pledged notes.

Before this seizure, they had remained in possession of *Frellsen & Co.*

Previous to the sale of said notes by the Sheriff, *Anderson* sold his interest therein, after the payment of the debt of *Frellsen & Co.*, to *Forestier*, at private sale, for fifteen hundred dollars cash.

On the 21st of March, 1857, two days before the Sheriff's sale, *Forestier* took the present rule upon the Sheriff, *Frellsen & Co.* and *Anderson*, to show cause why the surplus, after paying *Frellsen & Co.*, if there was any, should not be paid over to him.

The notes were sold by the Sheriff on the 23d of March, for $19,000 cash, leaving $8,080 in the hands of the Sheriff after paying *Frellsen & Co.*

Before the rule taken on the 21st of March against the Sheriff and others by *Forestier*, as assignee of *Anderson*, was tried, *Punderford* and others, who are appellants, took a rule and filed an intervention, claiming the fund as seizing creditors under executions issued on various judgments recovered against *Anderson* in the parish of St. Landry, all which executions, they aver, were levied on the notes in the hands of *Frellsen & Co.*, by process of garnishment, or by actual seizure by the Sheriff, prior to the alleged assignment to the appellee, *Forestier*.

*Forestier* answered the intervenors' rule, denying the existence of the judgments against *Anderson*, the issuance of executions thereon, the fact of seizures having been made under those executions, and asserting the illegality and invalidity of all the proceedings on behalf of the intervenors.

*Anderson* filed a general denial.

The plaintiffs' answered, that while the notes were held by them in pledge, they were seized under various writs of garnishment issued on the judgments of the intervenors ; that their claim had been satisfied out of the funds in the Sheriff's hands, and disclaimed any interest in the controversy.

9

FRELLSEN
*v.*
ANDERSON.

By agreement of counsel, the rule was consolidated with the intervention, and the case was tried on the rule taken by *Forestier.*

The principal question in this case is whether the seizing creditors of *Anderson* have the right to be paid their judgments out of the balance of the notes after satisfying the claim of *Frellsen & Co.* in preference to *Forestier*, the assignee of the residuary interest of *Anderson*, after the payment of the judgment of *Frellsen & Co.*

The judgment of the lower court was in favor of *Forestier*, and the intervenors have appealed.

*Forestier*, by the assignment, has a superior claim to the fund, unless the garnishments and seizures on which intervenors rely are valid, and it appears to us that they are illegal and inoperative.

1. Even admitting that the original proceedings of garnishment were legal; they were abandoned by the institution of new proceedings, and these were void because these new proceedings of garnishment were commenced long after the execution had run out.

2. The subsequent seizure of the notes after the abandonment of the garnishment proceeding, was illegal and void, because it was made on an execution that had long before expired. The Act of 1855, Sess. Acts, p. 253, cannot heal this defect. This Act authorizes the Sheriff, in cases of garnishment, to retain a copy of the writ, and proceed on that " in the same manner as though the original was in his hands." It does not empower the Sheriff to effect more with the copy, than he could with the original execution ; he cannot, by virtue of the copy, make new seizures on expired writs.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.

---

## SAME CASE—ON A RE-HEARING.

COLE, J. Upon a reëxamination of this case, we can perceive no reason for changing the opinion heretofore given.

Towards the close of the opinion we said : " The subsequent seizure of the notes after the abandonment of the garnishment proceeding, was illegal and void, because," &c.

The singular term " seizure" was used, because it was applied to all the cases of seizure considered as one, inasmuch as they were characterised by the same illegal features, and the same remarks applied to the whole of the cases.

It is, therefore, ordered, adjudged and decreed, that our former decree remain undisturbed.