No. 2025.—ALFRED MARCHAND *v.* H. T. COFFEE and WALLACE & CO.

*In a suit against the maker and indorser of a promissory note, the note of evidence of the clerk of the court below must show, in order to bind the indorser, that the certificate of notice to the indorser was offered separately from that of the note and protest. Therefore if the note of the evidence only shows that the note and protest were offered, the indorser can not be held, even though the certificate of notice be attached to the act of protest and the entire document be annexed to the petition. An indorser can only be bound by evidence offered at the trial to show his liability, and he is never in fault for not making objection to the reception of evidence until such testimony is offered as will fix his liability if unrebutted.*

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Hornor & Benedict,* for plaintiff and appellee. *H. D. Ogden,* for defendants and appellants.

TALIAFERRO, J. The defendants are sued, the one as drawer and the others as indorsers of a promissory note for the sum of two thousand dollars. The defendants, Wallace & Co., called in warranty, D. G. Cook, who in his answer excepts to the call on the ground that Wallace & Co. do not pretend that the respondent ever had any dealings with them, or that he ever entered into any contract with them in relation to the note sued on, or ever assumed the payment of their obligation thereon as indorsers.

Judgment was rendered as prayed for and the defendants have appealed.

We see no force in the defense. The indorsers introduced no evidence of any kind to show liability resting on Cook in relation to the note.

It is ordered that the judgment of the district court be affirmed

with costs, and that the plaintiff recover one hundred and fifty dollars from the defendants, Wallace & Co., as damages for a frivolous appeal, and that they pay the costs of this appeal.

## ON REHEARING.

HOWELL, J. On the rehearing granted in this case to Wallace & Co., who are sued as indorsers of a promissory note, we are called on to decide whether or not, where a note and protest are shown, by the clerk's minutes of evidence, to have been offered, the certificate of notice, annexed with the other instruments to the petition and found in the transcript of appeal, is to be deemed such part of the protest as to be included in the offering and making proof against the indorsers, and whether as a consequence the note or minute of evidence, made by the clerk on the trial, must show specifically what is offered and received in evidence.

The first proposition must be answered in the negative, and the second in the affirmative.

The certificate of notice is not a part of the protest, but a mode of proof, established by law, that the indorser is notified of the protest having been made, and which the notary is authorized to add to the protest. Revised Statute, § 2508.

It can not be assimilated to the signatures to a note or private writing or considered as forming an essential part thereof and of course admitted to be genuine if no objection is made to the admission of such note or writing. The general denial admits the signature, but not the liability as indorser, which must be established by specific proof, distinct from the note and protest.

There seem to be manifest propriety and necessity that the minute of evidence should show what evidence is offered and received and by whom offered; otherwise it would be in the power of the transcribing clerk to make evidence for the parties. Every document filed in a suit is not necessarily evidence, and the appellate court must know what evidence is introduced by the parties respectively. Articles 476, 477, 482, 483, C. P., require that each party shall produce the witnesses and the evidence in support of his demand or defense, and shall have the opportunity to object to the introduction of testimony, documents or other written proofs, and until offered, there is no occasion to object. It is the duty of the clerk to keep an accurate minute of the proceedings had, the evidence adduced and, where required by either party, to take down the testimony in writing, in order that a full and correct transcript may be made. All this we think is necessarily implied and even enjoined by the provisions of the above

articles of the Code of Practice and articles 585, 589, 896, 898 and 899. See also 21 An. 335. In a case like this, the indorser may be silent until evidence is adduced to fix his liability and he can not fairly be charged with raising a frivolous objection, when he urges that no evidence has been introduced by plaintiff to establish his liability.

We think the case should be remanded.

It is therefore ordered that our former decree as to defendants, Wallace & Co., be set aside, that the judgment against them be reversed and the cause remanded as to them to be proceeded in according to law. Plaintiff to pay costs of appeal.