## No. 3432.

EDWARD MATTHEWS *v.* CRESCENT CITY MUTUAL INSURANCE COMPANY.

Plaintiff alleges that he is the owner of a certain insurance scrip of the Crescent Mutual Insurance Company and of certain dividends accrued thereon, which the defendants refuse to deliver to him. Defendants admit that they held such scrip and dividends, but aver that the same were garnisheed in their hands by one Hillman, a judgment creditor of plaintiff; that, subsequently, judgment was rendered in favor of Hillman against defendants, as garnishees, who have paid said scrip and dividends to said Hillman; and they therefore deny any liability to plaintiff.

There are two insurmountable difficulties in the way of the defense set up by respondents:

*First*—Plaintiff's assets or property in their hands was not seized by the garnishment process, because the *fieri facias* was not in the sheriff's hands, when the interrogatories were answered; and the judgment against them in that proceeding was a consent judgment not binding on the plaintiff, nor in any manner divesting his title to the property in question.

*Second*—The judgment upon which the pretended garnishment process issued, was an absolute nullity, because there was no citation served on Matthews against whom it was rendered; and a seizure or sale under a judgment, void from want of a citation, neither confers a right nor divests a title.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Hornor & Benedict*, for plaintiff and appellee. *T. Hunton*, for defendant and appellant.

WYLY, J. Plaintiff alleges that he is the owner of certain insurance scrip of the Crescent Mutual Insurance Company, of the full value of six hundred and forty dollars and dividends accrued thereon to the sixth of July. 1868, viz: one hundred and ninety-two dollars, with interest; that he made due application to said insurance company for said scrip, dividends and interest, and they refuse to deliver the same to him, and that they have been duly placed in default therefor.

Issue was joined by defendants, who admitted that they held such scrip and dividends, but that the same were, on the sixth day of July, 1868, garnisheed in their hands by one Daniel Hillman, a judgment creditor of plaintiff in suit No. 17,817 of the docket of the late Fourth District Court of New Orleans; that subsequently judgment was ren-

dered in favor of said Hillman against respondent, said insurance company, as garnishee, and that thereunder they have paid the said scrip and dividend to said Hillman, and they therefore deny any liability to said Matthews.

The court gave judgment for the plaintiff and the defendants appeal. There are two insurmountable difficulties in the way of the defendants:

*First*—Plaintiff's assets or property in their hands was not seized by the garnishment process, because the *fieri facias* was not in the sheriff's hands when the interrogatories were answered; and the judgment against them in that proceeding was a consent judgment, not binding on the plaintiff nor in any manner divesting his title to the property in question.

*Second*—The judgment upon which the pretended garnishment process issued was an absolute nullity, because there was no citation served on Matthews, against whom it was rendered; and a seizure or sale under a judgment, void for want of a citation, neither confers a right nor divests a title.

It is therefore ordered that the judgment herein be affirmed with costs.