Roos & Co. vs. Merchants' Mutual Insurance Company.

No. 6024.

A. Roos & Co., L. B. Cain, Subrogated, vs. Merchants' Mutual Insurance Company. John Cockrem and W. Halsey, Receivers.

This case is decided in accordance with the settled doctrine laid down in the cases of Raboteau vs. Valeton, 11 R. p. 218 (221); Simpson vs. Allain, 7 R. 500; and Matta vs. Thomas, 21 An. 58. In Raboteau vs. Valeton this court said: "It seems to us clear that the proceedings to be had under the law of 1839 are the necessary consequences of the placing of a writ of *fieri facias* in the hands of the sheriff, and that the property and effects or the sum of money found in the possession of the garnishees as belonging to the defendant, and which are to be delivered up to the sheriff, can not be levied on unless said sheriff has in his hands a writ of execution from which he derives his authority to act, and to the satisfaction of which the property levied on or the money received is to be applied."

APPEAL from the Fourth Judicial District Court, parish of Orleans. Lynch, J. Cotton & Levy and E. Howard McCaleb, for plaintiff and appellee. Clarke, Bayne & Renshaw, for defendants and appellants.

Morgan, J. A. Roos & Co. obtained judgment against the Merchants' Mutual Insurance Company. L. B. Cain became subrogated to the rights of Roos & Co.

Upon the judgment to which he was subrogated, Cain issued execution, and the amount of the writ was paid to the sheriff.

The contest in the present case arises out of the following state of facts:

Plaintiffs had recovered two judgments in the Sixth District Court, one against Frank, Haas & Co. as a firm, and against the individual members thereof, viz.: Ferdinand Beer, Leon Haas, Jr., and Henry Roos, for the sum of fifteen thousand dollars. They had also a judgment against the firm of A. Roos & Co. for fifteen thousand dollars.

They issued a *fieri facias* against Frank, Haas & Co., and the individual members thereof. No *fieri facias* issued on the judgment against A. Roos & Co.

It was in the suit of the plaintiffs against A. Roos & Co. that the Merchants' Mutual Insurance Company were garnisheed, and the funds resulting from the judgment of Roos & Co. vs. the Merchants' Mutual Insurance Company, and now in the hands of the sheriff, are now in contest, Cain claiming them by right of subrogation from Roos & Co., the plaintiffs claiming them under their garnishment.

The difficulty in the plaintiffs' way is that no *fieri facias* had issued against Roos & Co. when the notice of garnishment and the interrogatories thereunder were served on the Insurance Company.

In the case of Raboteau vs. Valeton, 11 R. p. 218 (221), it was said: "It seems to us clear that the proceedings to he had under the law of 1839 are the necessary consequences of the placing of a writ of *fieri facias* in the hands of the sheriff, and that the property and effects, or the sum

of money found in the possession of the garnishees as belonging to the defendant, and which are to be delivered up to the sheriff, *can not be levied on,* unless said sheriff has in his hands a writ of execution from which he derives his authority to act, and to the satisfaction of which the property levied on or the money received is to be applied."

The same doctrine was announced in Simpson vs. Allain, 7 R. 500, and Matta vs. Thomas, 21 An. 58.

But plaintiff contends that Henry Roos was a member of the firm of A. Roos & Co. as well as a member of the firm of Frank, Haas & Co., and that as execution issued against Frank, Haas & Co. the requisites of the law have been complied with. We do not agree with him. As regards Henry Roos, the partner in the house of Frank, Haas & Co., he was a stranger to the house of A. Roos & Co., and the assets attempted to be seized in this proceeding belonged to the firm of A. Roos & Co., and not to the individual members thereof. It was not, therefore, liable for the individual debt of the partners, no liquidation of their affairs having been had.

Judgment affirmed.