# Louisiana Courts of Appeal Reports

## October 1, 1924, to June 30, 1925

No. 9585.

Orleans Appeal.

———

**O. K. REALTY CO., INC., Appellants, v.
JOHN A. JULIANI, INC., ET AL.**

(October 6, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Garnishment, Par. 34, 49.**

A judgment is essential to a fieri facias, and a fieri facias is an essential foundation to a garnishment proceeding; without the existence of either the garnishment proceedings are null.

2. **Louisiana Digest, Appeal, Par. 425, 426.**

An appellate court cannot consider any document which was not offered in evidence on the trial of the case.

Appeal from First City Court, Hon. Val J. Stentz, Judge.

This is a suit to set aside a garnishment. There was judgment in favor of John A. Juliani and against the Realty Company perpetuating the injunction and releasing the seizure, and dismissing the reconventional demand "without prejudice".

Defendant in injunction appealed.

Judgment affirmed.

W. H. McClendon, Jr., attorney for plaintiff in injunction and appellee.

Theo. Cotonio, attorney for defendant in injunction and appellant.

CLAIBORNE, J. The plaintiff, in their petition, averred that John A. Juliani, Inc., and John A. Juliani, were indebted unto them *in solido* in the sum of $210 for a commission for procuring a contract; that the said John A. Juliani, Inc., and John A. Juliani individually, had acknowledged the indebtedness by the following instrument:

"July 7, 1923.

O. K. Realty Co., Inc., City.

Gentlemen:

In consideration of your having been instrumental in obtaining for us the contract for the construction of a four-room double cottage for account of Reuben Victory, the site of the same being on Alexander Street between D'Hemecourt and Baudin Streets, we agree to pay you the sum of $210.

Yours truly,
(Signed) Jno. A. Juliani, Inc.
Jno. A. Juliani."

The plaintiffs prayed that John A. Juliani, Inc., through its proper officers, and John A. Juliani, individually, be cited and for judgment against the said John A. Juliani, Inc., and John A. Juliani, individually, jointly and *in solido* for $210.

The defendants answered by a general denial.

There was judgment against the defendant, John A. Juliani, Inc. The suit against John A. Juliani was dismissed as of nonsuit.

The plaintiff issued execution on this judgment and caused the "Phoenix Utility Co." to be garnished.

They were asked:

1st. Are you indebted to the defendants herein, John A. Juliani, Inc., and John A. Juliani in the sum of Three Hundred Dollars or any part thereof?

The Phoenix Utility Company answered $250.

2nd. Is not the defendant herein, John A. Juliani, in your employ? If yes, state what are his wages and how paid, and if there is any money due him for services rendered?

The Phoenix Utility Company answered: "Defendant left our employ December 15, 1923. Wages due him from November 15 to December 15, 1923, $250."

Upon an order of court the garnishees deposited the $250 in the hands of the Sheriff.

Thereupon the defendant, John A. Juliani, filed these injunction proceedings in which he alleged:

"That notwithstanding the fact that there is no judgment in this cause against John A. Juliani personally, the O. K. Realty Company has caused to be issued a writ of *fieri facias* and garnishment, and instructed the Sheriff of this court to serve upon the employer of John A. Juliani, namely, the Phoenix Utility Company, said garnishment and seizure whereby the salary of your petitioner, John A. Juliani, in the sum of $250 has been wrongfully and illegally attached and seized by the Sheriff", and that said writ of *fieri facias* and garnishment is not known in law, being unsupported by any judgment against John A. Juliani personally. He prayed for an injunction restraining the Realty Company and the Sheriff from executing the *fieri facias* and garnishment and for the release of the seizure.

For answer the Realty Company averred that John A. Juliani, Inc., and John A. Juliani, are one and the same; that John A. Juliani is doing business for his own account under the name of John A. Juliani, Inc., and the indebtedness for which the Realty Company obtained judgment is really the indebtedness of John A. Juliani, individually; and in the alternative he prays for a judgment against John A. Juliani individually.

There was judgment in favor of John A. Juliani and against the Realty Company perpetuating the injunction and releasing the seizure, and dismissing the reconventional demand "without prejudice".

From this judgment the Realty Company appealed.

However ingeniously worded, the inter rogatories may be as to the particular defendant employed by the garnishee, and to what particular defendant the garnishee was indebted, and with whatever lack of precision the garnishee may have answered those interrogatories, the clear inference is that "John A. Juliani" was the person in their employ. They speak not of "John A. Juliani, Inc.", but they say "defendant left our employ. Wages due him $250," meaning undoubtedly John A. Juliani.

The plaintiff himself has removed any doubt on this point by alleging and attempting to prove that John A. Juliani, Inc., was a myth. It is not necessary for us to decide that question. Suffice it for us to say, with plaintiff in injunction, John A. Juliani, that the Realty Company has no money judgment against him and, of course, it could not issue a *fieri facias* against him. In Featherston vs. Compton, 3 La. Ann. 381, the court said:

"A judgment and a *fieri facias* thereon are necessary to support the proceedings in garnishment. They form the foundation of the plaintiff's right to resort to that remedy and the garnishee may require that their existence be proved as a prerequisite to a judgment against him." Affirmed in Pollock vs. Williams, 9 La. Ann. 460; Johnson vs. Murphy, 124 La. 146, 49 South. 1007.

In Matthews vs. Insurance Co., 26 La. Ann. 386, the court held garnishment proceedidngs null because "the judgment upon which the pretended garnishment process issued was an absolute nullity, because there was no citation served on Matthews against whom it was rendered".

As there was no judgment against John A. Juliani there could have been no *fifa* issued against him, and a *fifa* was necessary to justify the garnishment. Johnson vs. Murphy, 124 La. 146, 49 South. 1007.

A seizure under a writ that has expired is null. Johnston's Ex'r vs. Wall, 1 Mart. (N. S.) 541; Dugat vs. Babin, 8 Mart. (N. S.) 393-7; Simpson vs. Allain, 7 R. 505; Frellsen, Stevenson & Co. vs. Anderson, 14 La. Ann. 65; Copley vs. Fretwell, 2 La. Ann. 310. Affirmed in Andrew Matta vs. William Thomas, 21 La. Ann. 37.

After the Sheriff has returned the *fifa* he can no longer make any seizure under it. Baboteau vs. Valeton, 11 R. 218 (220).

Garnishment process cannot issue unless there is a *fifa* against the defendant in the hands of the Sheriff. Baboteau vs. Valeton, 11 R. 221; Pollock vs. Williams, 9 La. Ann. 460.

In Matta vs. Thomas, 21 La. Ann. 37, the court said: "A writ of *fieri facias* is the basis of the proceedings in garnishment. The service of interrogatories on the garnishee will not operate a seizure of the assets in his hands unless the sheriff holds at the time a writ of *fieri facias* against the defendant." Affirmed in Roos vs. Cain, 28 La. Ann. 319.

Inasmuch as there was no judgment against John A Juliani, no *fieri facias* could have issued against him; and as there was no *fifa*, there could have been no garnishment or seizure *sublato fundamento cadit opus*. The seizure and garnishment proceedings against John A. Juliani were therefore null and were properly set aside.

But the Realty Company alleges "that the indebtedness for which suit was filed by respondent is also the indebtedness of the said John A. Juliani individually, and respondent makes part of this pleading all the allegations in its petition contained against John A. Juliani, Inc., and John A. Juliani, and your respondent should therefore recover judgment against John A. Juliani, individually".

The letter dated July 7, 1923, addressed to the Realty Company and signed Jno. A. Juliani, Inc., Jno. A. Juliani, the basis of the original suit does not appear to have been offered in evidence either in the original proceedings against them or in this injunction suit. Bilich vs. Mathe, 149 La. 484, 89 So. 628; Wilkin-Hale State Bank vs. Tucker, 148 La. 980, 88 So. 2390; Gubernator vs. City of New Orleans, 20 La. Ann. 106; Alfred Marchand vs. H. T. Coffee and Wallace & Co., 23 La. Ann. 442.

There is no testimony in the record to show that the contract, for which the commission is acknowledged in the letter, inured to the benefit of John A. Juliani, individually. On the contrary, John A. Juliani testifies that the money for the Victory contract on Alexander Street was collected by John A. Juliani, Inc., and deposited in bank to the credit of that company.

The trial judge dismissed the demand of the Realty Company "without prejudice". Interpreting this judgment to be one of non-suit, we shall affirm it.