## ENGLERT v. PARACHINI

---

(March 14, 1927. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 572.**

An appellate court will not consider documents not offered in evidence.

2. **Louisiana Digest—Landlord and Tenant —Par. 67.**

A landlord is responsible for damages to piano of his tenant caused by falling plaster.

Appeal from First City Court, Division "B". Hon. Val. J. Stentz, Judge.

Action by William J. Englert against Peter J. Parachini.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Harry E. McEnery, of New Orleans, attorney for plaintiff, appellant.

C. C. de Baroncelle, of..............., attorney for defendant, appellee.

WESTERFIELD, J.    Plaintiff brings this suit against his landlord for $150.00, the alleged amount of damage to his piano caused by falling plaster.

Defendant in his answer avers that plaintiff in a written lease had assumed all responsibility for repairs to the leased premises and that consequently if any plaster fell on plaintiff's piano plaintiff alone is at fault.    In the alternative defendant says the amount claimed is excessive.

A writ of attachment was sued out and defendant's property seized upon the ground of non-residence.    L. Walter Cockfield, being appointed curator ad hoc.

There was judgment for defendant and plaintiff has appealed.

The written lease, though relied on in the answer, and referred to in the testimony, was not introduced in evidence. We are urged to consider it because the answer was sworn to and both plaintiff and defendant admitted signing the lease which was exhibited to them.    This we can not do because we can only consider documents which were offered in evidence below.    O. K. Realty Co., Inc., vs. Juliani, 1 La. App. 1.

Anticipating our conclusion in this regard, counsel requests that the case be remanded in order to afford an opportunity to introduce the lease in evidence. We can see no useful purpose in remanding the case on that account, since there is evidence in the record, not contradicted, to the effect that, by a subsequent agreement, the landlord agreed to and did actually repair the leased premises.    We will consider the case from the standpoint of the legal obligations of landlord and tenant unaffected by convention.    Viewed in this light there can be no doubt of the landlord's responsibility for damages caused by falling plaster.    Norman vs. Maestri, 3 La. App. 228.

There remains the question of quantum.

The only testimony in this record in this regard is by a piano repairer placed on the stand by plaintiff.    He testifies that he repaired the piano, taking about one month to do it, and charged plaintiff $150.00.    We see no reason to question this amount.

In some manner the curator ad hoc was overlooked by the court a qua.    By consent of all counsel he files a motion in this court asking that his fee be fixed at $10.00, a modest sum.

For the reason assigned the judgment appealed from is reversed and it is now ordered that there be judgment for plaintiff, William J. Englert and against Peter J. Parachini, in the full sum of $150.00 with legal interest from judicial demand.

It is further ordered that that writ of attachment sued out herein be maintained and plaintiff's lien and privilege upon the property seized be recognized; that the property seized be sold and plaintiff's claim be paid with preference and priority out of the proceeds thereof.

It is further ordered that defendant pay all costs, including the sum of $10.00 as attorney's fees, to L. Walter Cockfield, the duly appointed curator ad hoc herein.