833 So.2d 538 (2002)
Sarah B. DUBROC
v.
Bonnie SWAIN, Progressive Insurance Co., et al.
No. 02-0763.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*539 John T. Bennett, John T. Bennett Law Offices, Marksville, LA, Counsel for Sarah B. Dubroc.
Richard A. Rozanski, Wheelis & Rozanski, Alexandria, LA, Counsel for Allstate Insurance Co.
Court composed of HENRY L. YELVERTON, OSWALD A. DECUIR, and ELIZABETH A. PICKETT, Judges.
DECUIR, Judge.
This appeal arises from an automobile accident which occurred on Christmas Eve in 1999. Plaintiff, Sarah Dubroc, sustained injuries in the accident; she filed suit against Bonnie Swain, Swain's liability insurer, Progressive Security Insurance Company, and her own UM carrier, Allstate Insurance Company. Admitting that Swain was at fault in causing the accident, Progressive did not contest liability. Prior to trial, Progressive tendered the $10,000.00 limits of its policy, and both Progressive and Swain were released from suit. Allstate paid $5,000.00 as an unconditional tender under its policy. Trial then proceeded against Allstate under the UM coverage provided to Dubroc. Subsequent to a bench trial, judgment was rendered in favor of Dubroc and against Allstate in the amount of $50,000.00. Allstate appeals and we affirm as amended.
Dubroc contends that she sustained permanent injuries to her neck and back as a result of the accident with Swain. Prior to the accident, however, Dubroc was injured in three other automobile accidents. She was treated for neck and back pain following those accidents, and the results of diagnostic testing performed during that treatment were offered as exhibits in this case. Essentially, Dubroc contends that MRIs taken in February of 1999 of the cervical, thoracic, and lumbar spine yielded normal results, whereas similar tests done after the accident showed degenerative changes and suggestions of disc bulging patterns. She was diagnosed with muscle and ligament strain, myofascial pain, degenerative changes in the cervical spine, and possible fibromyalgia and bulging cervical and lumbar discs.
The trial court concluded that Dubroc sustained permanent injuries in the accident and found that her damages exceeded $65,000.00. Because Dubroc had stipulated that her damages did not exceed $50,000.00, the trial court awarded that amount, plus interest. The court noted that the $50,000.00 award was exclusive of the $10,000.00 payment by Progressive and the $5,000.00 payment by Allstate.
On appeal, Allstate contends the trial court erred in determining the nature and cause of Dubroc's injuries, in failing to find that she did not mitigate her damages, in awarding excessive damages, and in failing to reduce the amount of damages assessed to Allstate by the amounts previously paid to Dubroc.
Our review of the evidence, including the pre- and post-accident medical reports, deposition testimony of the treating physician, and the plaintiff's description of her pain and changes in lifestyle, supports the conclusion that the trial court did not abuse its vast discretion in finding Dubroc's damages exceeded $65,000.00. The medical evidence also supports the determination that Dubroc's medical condition at the time of trial was caused by the accident at issue herein, and not by her previous accidents. Accordingly, we affirm those factual findings.
In support of its allegation of failure to mitigate damages, Allstate points to Dubroc's three-day delay in seeking medical attention and her five-month gap in medical treatment as evidence of failure to *540 mitigate her damages. Dubroc explained that she waited three days before seeing a doctor after the accident because it was Christmas and she did not want to spend the holidays in a hospital emergency room. In explanation of the five-month treatment gap, Dubroc discussed the high cost of massage therapy and strength training, both of which she felt would help her condition but were cost prohibitive. She was not a candidate for surgery. Given this evidence, we do not find the plaintiff's actions constitute a failure to mitigate her damages.
We turn now to Allstate's argument that the trial court's award should be reduced by Progressive's $10,000.00 payment and its own $5,000.00 unconditional payment to Dubroc. Allstate argues that by stipulating that her damages did not exceed $50,000.00 and thereby avoiding a jury trial, Dubroc effectively admitted that her damages from all defendants against whom she had asserted a claim could not be worth more than $50,000.00; therefore, by accepting payments totaling $15,000.00, Dubroc limited her recovery at trial to $35,000.00. We disagree. Under prevailing Louisiana jurisprudence, the pre-trial settlement with a liability insurer is not to be considered in determining the value of the cause of action against the uninsured motorist carrier. Benoit v. Allstate Ins. Co., 00-0424 (La.11/28/00), 773 So.2d 702. The cited jurisprudence does not limit this rule to settlements reached before a claim against the UM carrier is asserted, nor is it relevant to determine if the stipulation of damages comes before or after such a settlement. Rather, the supreme court has held that the $50,000.00 jurisdictional threshold for a trial by jury (codified at La.Code Civ.P. art. 1732(1)) is determined by focusing "on the value of the plaintiff's cause of action against the defendant or defendants who are before the court at the time the right to a jury trial is litigated." Benoit, 773 So.2d 702, 708. Accordingly, the trial court properly refused to credit Allstate with the $10,000.00 payment by Progressive.
We reach a different result with the $5,000.00 payment made to Dubroc by Allstate. The record indicates and the trial court found that the payment was made under the UM coverage provided to Dubroc. She then stipulated that her damages under her UM coverage would not exceed $50,000.00. In Guidry v. Millers Cas. Ins. Co., 01-0001 (La.App. 1 Cir. 6/21/02), 822 So.2d 675, 683, the first circuit explained:
However, by stating that no individual petitioner's cause of action exceeded $50,000.00, exclusive of interest and costs, Guidry limited the ultimate liability of Allstate to her to that amount. Nonetheless, such a stipulation under the facts of this case did not limit the determination of the total damages sustained by Guidry as a result of the negligence of Pharagood.
Consequently, while we find no error in the trial court's calculation of a minimum of $65,000.00 in total damages, we must conclude that Dubroc limited her own recovery of those damages to a maximum of $50,000.00 from Allstate. Because Allstate has already tendered $5,000.00, it must be credited with such payment and assessed only the remaining $45,000.00 of its UM exposure. We note that this limitation is not based on the terms of the UM coverage (which specified limits of $1,000,000.00) but, rather, on the stipulation of damages entered into by the plaintiff.
For the foregoing reasons, the judgment of the trial court is amended to award the plaintiff the sum of $45,000.00, plus interest, costs, and costs of the appeal, against Allstate Insurance Company. In all remaining *541 respects, the judgment is affirmed.
AFFIRMED AS AMENDED.