STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-711

EMMITT ANTHONY

VERSUS

SOUTHERN CHEVROLET CADILLAC, INC.

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 03-00913
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

AFFIRMED.

David M. Kaufman
David M. Kaufman Law Corp.
P. O. Box 4604
Lafayette, LA 70502-4604
(337) 231-5150
Counsel for Plaintiff/Appellee:
        Emmitt Anthony

Bradley J. Gadel
728 Jackson St.
Alexandria, LA 71301
(318) 448-4406
Counsel for Defendant/Appellant:
        Southern Chevrolet Cadillac, Inc.

GREMILLION, Judge.

The defendant, Southern Chevrolet Cadillac, Inc., appeals the judgment of the workers' compensation judge finding that the plaintiff, Emmitt Anthony, suffered a work-related accident, but did not forfeit his benefits as a result of fraud. For the following reasons, we affirm.

**FACTS**

Anthony, who was employed in Southern Chevrolet's parts department, allegedly suffered a work-related accident on December 10, 2002. He was attempting to help unload bed liners from a freight truck, when he fell backwards off the truck and landed on his lower back on the concrete floor. Anthony was treated at the Rapides Regional Medical Center emergency room and was diagnosed as suffering from acute low back pain, a contusion of the sacral spine, and a right knee sprain. He was further treated by Dr. Robert Smith of the Rapides Industrial Medicine Clinic, underwent physical therapy, and was released to return to sedentary work. However, he never returned to work due to continued complaints of lower back pain.

Anthony requested treatment with Dr. John Cobb, a Lafayette, Louisiana orthopedic surgeon, but this request was refused by Southern Chevrolet. It further denied his workers' compensation claim based on false statements he made in his post-hire medical questionnaire form with regard to whether he had previously suffered any injuries, undergone surgery, missed work due to an injury, or was aware of any injury that might impair his ability to work. Thereafter, Anthony sought treatment for his back and knee injuries from the Charity Hospital System. A March 17, 2003 MRI of his lumbar spine revealed a moderate to severe compression of the

1

thecal sac at L4-5, along with intra and extra foraminal disc bulging affecting the right neuroforamina at the level associated with the hypertrophy of the posterior elements.

On February 5, 2003, Anthony filed a disputed claim for compensation against Southern Chevrolet alleging its failure to pay indemnity benefits and to authorize medical treatment as a result of this accident. He also sought penalties and attorney's fees based on its arbitrary and capricious handling of his claim. Southern Chevrolet answered alleging that Anthony had forfeited his right to workers' compensation benefits based on La.R.S. 23:1208.1 fraud. Anthony then filed a second disputed claim for compensation against AAA Cooper Transportation, the owner of the freight truck from which he fell. However, this claim was dismissed with prejudice via a motion for summary judgment.

Subsequent to a trial on the merits, the workers' compensation judge rendered oral reasons finding that Anthony suffered a work-related accident and that he was entitled to temporary total disability benefits, medical expenses, and penalties and attorney's fees. A judgment was rendered on March 16, 2005. Southern Chevrolet has suspensively appealed from this judgment.

**ISSUES**

Southern Chevrolet raises three assignments of error on appeal. It argues that the workers' compensation judge erred in finding that Anthony suffered a work-related accident, that he did not forfeit his right to indemnity benefits based on untruthful answers in his post-hire medical questionnaire form, and that he was

2

entitled to penalties and attorney's fees as a result of its arbitrary and capricious handling of his claim.

## WORK-RELATED ACCIDENT

In its first assignment of error, Southern Chevrolet argues that the workers' compensation judge erred in finding that Anthony suffered a work-related accident.

Anthony testified that he was injured while attempting to unload bed liners from the rear of a freight truck. He stated that he first backed Southern Chevrolet's delivery truck up to the rear of the freight truck, leaving a small space between the two trucks. He then climbed onto the bumper of the delivery truck in order to get onto the bed of the larger truck. Anthony testified that he grabbed a hold of a container at the rear of the truck, which somehow shifted causing him to fall off of the truck. He stated that he fell approximately four to five feet, hitting his right knee while falling, and then landing on his lower back. He said that he lay on the ground for approximately two minutes, and then he stood up, climbed back onto the truck, and finished unloading the bed liners.

Anthony stated that he reported the accident to his supervisor, Larry Neville, after they unloaded the truck. He said that his right knee was bruised and swollen as a result of this incident, and that Neville placed ice on it for him. He testified that he later went to the emergency room and received treatment for his injuries.

Neville, Southern Chevrolet's parts manager, testified that he did not see the incident in question, but learned of it when another employee reported that

3

Anthony had fallen and had possibly hurt himself. He stated that Anthony said his knee was hurting, but that he did not think he needed immediate medical care. Neville testified that Anthony then left to make a delivery. When he returned, Anthony showed his knee to Neville, who stated that he saw a knot on the outside of his leg, just below his knee. Neville put ice on Anthony's knee and had him prop his leg up. He testified that Anthony said his knee was still hurting and that he decided to go the hospital. Neville stated that Anthony first mentioned his lower back hurting just before leaving for the hospital.

Karen Lewis, a service advisor for Southern Chevrolet, testified that she was sitting at her desk in the service aisle, adjacent to where Anthony was unloading the freight truck. She stated that she looked out the service door and saw Anthony sitting on the pavement with his legs out in front of him. She said that he was looking towards her desk and that he was smiling. She stated that he stood up, got back onto the freight truck, and started unloading it.

Steven Bourque, Southern Chevrolet's service manager, testified that he was standing directly in front of the freight and delivery trucks and that he saw Anthony climb inside the freight truck and start pulling on something inside it. He said that Anthony lost his balance, fell back, and grabbed a hold of the delivery truck's tailgate. He testified that one of Anthony's legs was still on the freight truck and that he tried to step onto the delivery truck's bumper with his other leg. He stated that this leg missed the bumper, causing Anthony to fall, rolling onto the ground, after which he jumped up, wiped off his pants, and then climbed back into the freight truck. Bourque testified that it looked as though Anthony was laughing when he

4

stood up, although he did not hear him. He stated that Anthony was suspended between the two trucks prior to falling and estimated that he only fell a short distance as his right leg was only a foot off the ground before he fell.

Charles Kelone, a service technician for Southern Chevrolet, testified that he was approximately fifty feet from the trucks when Anthony fell. He stated that he saw Anthony back the delivery truck up to the freight truck, climb onto the delivery truck's bumper, and then step onto the bumper of the freight truck. He said that Anthony grabbed a bar located at the rear of the truck, slipped, and then reached down and touched the delivery truck's tailgate. At this point, he stated that Anthony's foot was about one foot off the ground. Kelone testified that Anthony let go, fell, and then jumped right back up, brushed off his pants, and started laughing. He said that he then jumped back into the freight truck to unload it.

In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined as an "unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).

The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:

> A worker's testimony alone may be sufficient to discharge this burden
> of proof, provided two elements are satisfied: (1) no other evidence

5

discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation*, § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; *Nelson [v. Roadway Express, Inc.*, 588 So.2d 350 (La.1991)]. Corroboration may also be provided by medical evidence. *West, supra.*

In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. *Gonzales v. Babco Farms, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

Findings which are based on credibility are entitled to great deference on appeal.

*Rosell v. ESCO*, 549 So.2d 840 (La.1989).

The workers' compensation judge held that Anthony proved he suffered

a work-related accident based on the fact that all of the witnesses verified that he fell

down and because the medical evidence corroborated his version of the accident.

Moreover, Neville verified that he saw a knot on Anthony's leg shortly after the

incident occurred. In finding that an accident occurred, the workers' compensation

judge stated that all of Southern Chevrolet's witnesses contradicted themselves in

some manner in describing the incident. As the workers' compensation judge found

Anthony's testimony credible and corroborated based in part on the other witnesses'

testimony and the medical evidence, his finding is entitled to great deference on

6

appeal and is affirmed. Accordingly, this assignment of error is dismissed as being without merit.

**FRAUD**

In its second assignment of error, Southern Chevrolet argues that the workers' compensation judge erred in failing to find that Anthony forfeited his right to workers' compensation benefits based on his answers in the post-hire medical questionnaire form.

In this form, Anthony checked "NO" to the following questions: "(1) Have you ever had surgery to any part of your body?; (2) Have you ever received treatment for your back, neck, knees, or lower extremities from a doctor, chiropractor, therapist, or other health provider?; and (3) Have you ever had an injury which required you to miss time from work?"

Anthony admitted to suffering two previous injuries to his right ankle in the late 80's or early 90's, both of which resulted in surgery, and both of which caused him to miss work. He stated that he suffered the first injury while in the Navy, for which he underwent one surgery. He said that the second injury occurred while he was working for the Navy Exchange in Virginia, when a forklift driver ran into his ankle. He stated that he underwent several surgeries after this incident and that he was unable to work for approximately two years, during which time he received workers' compensation benefits. In his deposition, Anthony said that he felt his ankle restrictions were permanent, whereas at the hearing he testified that he no longer had any restrictions on his ankle.

Anthony admitted to answering these questions wrong, but explained that he was extremely busy checking in freight while attempting to answer the questionnaire. He further explained that he does not comprehend what he reads very well, even though he stated in his deposition that he reads to pass the time while unable to work. Anthony also admitted that he was convicted of shoplifting in 2003, which he failed to include in his answers to interrogatories propounded by Southern Chevrolet. He further stated that he received a Dishonorable Discharge from the Navy after failing a drug test.

In order for an employer to prove forfeiture pursuant to La.R.S. 23:1208, it must prove that a false representation was willfully made by the employee for the purpose of obtaining compensation benefits. *Resweber v. Haroil Constr. Co.*, 94-2708, 94-3138 (La. 9/5/95), 660 So.2d 7; La.R.S. 23:1208(A). An inadvertent or inconsequential false statement does not result in the forfeiture of benefits. *Jim Walter Homes, Inc. v. Prine*, 01-116 (La.App. 1 Cir. 2/15/02), 808 So.2d 818.

Forfeiture pursuant to La.R.S. 23:1208.1 occurs when an employee has made an untruthful statement and the employer has suffered prejudice and satisfied the notice requirement of the statute. *Nabors Drilling USA v. Davis*, 03-0136 (La. 10/21/03), 857 So.2d 407. Thus, as stated by the supreme court, only those false statements which result in prejudice to the employer will result in forfeiture of benefits. *Id.*

An employer suffers prejudice when: (1) the employee's untruthful statement directly relates to the medical condition for which a claim for benefits is made; or (2) the employee's untruthful statement affects the employer's ability to

8

receive reimbursement from the second injury fund. *Id.*; La.R.S. 23:1208.1. Here, Southern Chevrolet claims that it was prejudiced as it was unable to seek reimbursement from the Second Injury Fund due to Anthony's failure to truthfully answer the questionnaire. The Second Injury Fund only provides reimbursement to an employer if its employee, already suffering from a preexisting permanent partial disability, suffers a subsequent injury and:

> (1) The subsequent injury would not have occurred but for the preexisting permanent partial disability; or

> (2) The disability resulting from the subsequent injury in conjunction with the preexisting permanent partial disability is materially and substantially greater than that which would have resulted had the preexisting permanent partial disability not been present, and the employer has been required to pay and has paid compensation for that greater disability.

La.R.S. 23:1371(C).

The employer's first burden of proof in its quest for reimbursement is to prove that its employee suffered from a preexisting permanent partial disability. Permanent partial disability is described as "any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed." La.R.S. 23:1378(F).

The workers' compensation judge held that Southern Chevrolet failed to prove that Anthony suffered from a preexisting permanent partial disability. This finding is reasonable based on a review of the record. Although the workers' compensation judge stated that he reviewed medical records pertaining to Anthony's right ankle injuries, we found no such exhibits in the records. The only evidence we

can find pertaining to this issue is Anthony's own testimony, which we find insufficient to support a finding that he suffered a permanent partial disability as a result of his two previous ankle injuries.

As to the employer's second burden of proof, the workers' compensation judge held that Southern Chevrolet failed to prove that Anthony's lower back and right knee injuries merged with his preexisting right ankle injuries and resulted in a materially and substantially greater disability than would have existed had his ankle injuries not been present. Thus, he held that Southern Chevrolet suffered no prejudice as a result of Anthony's false answers. We find no error with this holding. As stated above, Southern Chevrolet did not prove that Anthony suffered a preexisting permanent partial disability. In the absence of such a finding, there can be no merger of injuries, and a fortiori, no reimbursement from the Second Injury Fund. Accordingly, this assignment of error is also without merit.

## PENALTIES AND ATTORNEY'S FEES

In its final assignment of error, Southern Chevrolet argues that the workers' compensation judge erred in assessing it with penalties and attorney's fees for its arbitrary and capricious handling of Anthony's claims.

The workers' compensation judge awarded Anthony $4000 in penalties and $5000 in attorney's fees.[1] In awarding the penalties, the workers' compensation judge stated that Southern Chevrolet should have been aware of the supreme court's decision in *Nabors Drilling USA*, 857 So.2d 407, decided approximately one year prior to the trial in this matter, during which time it could have made "a proper

---

[1] The workers' compensation judge awarded $2000 for the failure to pay indemnity benefits and $2000 for the failure to pay medical benefits.

10

assessment of their obligations under the workers' compensation law and requirements to prove a 23:1208.1 defense." He further stated that the defense was frivolous as all of the witnesses testified that Anthony did fall off the truck.

The decision to award penalties and attorney's fees is factual in nature and will not be reversed on appeal absent manifest error. *Bigge v. The Lemoine Co.*, 04-1191 (La.App. 3 Cir. 3/2/05), 896 So.2d 269. Based on our review of the record, we find no error in these awards. The judgment awarding $4000 in penalties and $5000 in attorney's fees is affirmed.

In his brief, Anthony asked that the award of attorney's fees be increased to represent work done by his attorney on appeal. However, he has failed to file an answer to appeal requesting the same. Accordingly, his request is denied. La.Code Civ.P. art. 2133.

## CONCLUSION

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed in its entirety. The costs of this appeal are assessed to the defendant-appellant, Southern Chevrolet Cadillac, Inc.

**AFFIRMED.**