982 So.2d 763 (2008)
In re GRAMERCY PLANT EXPLOSION AT KAISER.
No. 2008-CC-0481.
Supreme Court of Louisiana.
May 2, 2008.
In re Q.B.E. International Insurance Ltd.; Swiss Reinsurance Company; Zurich Reinsurance Company; Houston Casualty Company; Munich Reinsurance Company; Qatar Insurance Company; AXA Global Risks (U.K.) et al.; Sorema Insurance Company; Winterthur International Insurance Company; Certain Underwriters at Lloyd's London; Lexington Insurance Company; Kaiser Alumina & Chemical Corporation; Hayes, Terrance; National Union Fire Insurance Company; Compagnie Transcontinentale De Reassurance; Allianz Insurance Company;Plaintiff(s); Applying for Supervisory and/or Remedial Writs, Parish of St. James, 23rd Judicial District Court Div D, Nos. 25,975; to the Court of Appeal, Fifth Circuit, No. 07-C-893.
Writ denied.
CALOGERO, C.J., would grant and assigns reasons.
CALOGERO, Chief Justice, granting and assigning reasons.
While the law appears not to be entirely clear on when an appeal on the merits may be taken after a JNOV and new trial are granted, but those rulings are later reversed and the jury verdict reinstated by the court of appeal, I would come down on the side of allowing the appeal at this juncture, if for no other reason than it seems no appellate court has yet examined the merits of the jury verdict. Furthermore, the cases that come close to addressing the issue either tend to support the applicants' position or are inconclusive. Junot v. Morgan, 01-0237 (La.App. 1 Cir. 2/20/02), 818 So.2d 152, would favor the case being remanded to the district court to enter a judgment pursuant to the jury verdict and to permit further proceedings, including an appeal therefrom. And this court in VaSalle v. Wal-Mart Stores, Inc., 01-0462 (La.11/28/01), 801 So.2d 331, after reversing the JNOV and new trial order, simply reinstated the jury verdict, without *764 any instruction to the district court; therefore, this court in VaSalle did not address whether an appeal on the merits might lie from the reinstated jury verdict.