No. 1671—ANDREW MATTA *v.* WILLIAM THOMAS, et al.

A writ of *fieri facias* is the basis of proceedings in garnishment.
The service of interrogatories on the garnishee will not operate a seizure of the assets in his hands unless the Sheriff holds at the time a writ of *fieri facias* against the defendant.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge, *Posey,* J.

*Fuqua, Callihan, Burgess* and *Chancy,* for appellant.     *Cross & Hardy,* for appellee.

REPORTER.—This case was decided in the month of June, 1868, by the Supreme Court, organized under the constitution of 1864, and an application for rehearing was made just before the adjournment of the court, which was examined and refused by the present Supreme Court in the month of January, 1869.

ILSLEY, J.   Under a writ of *fieri facias,* issued out of the Fifth Judicial District Court of East Baton Rouge, in the suit of A. Matta *v.* William Thomas, et al, certain property of the defendants was seized, and not bringing at the cash sale two-thirds of its appraised value, was subsequently offered for sale on a credit, and was bid off to the defendants for the sum of two thousand two hundred and thirty-five dollars, the purchasers furnishing their twelve months' bond, with Jeff. Thomas as surety.

This bond was not paid, and on the twentieth of November, 1865, a writ of *"alias fieri facias* on twelve months' bond," the only writ of *fieri facias* ever issued on the bond, was taken out by the plaintiff's counsel, who, on the seventh of December, 1865, returned it into court with the following written statement on the writ:   "This *fieri facias* is returned, not having been in the hands of the sheriff," signed by the plaintiff's counsel and dated as above.

Previous to the issuance of the alias writ, viz : on the tenth of November, 1865, petition of garnishment and interrogatories had been filed by the plaintiff in court against David Pipes, and process thereon was served on him on the day following.   The answer of Pipes to the interrogatories were not filed until the fourteenth of June, 1867, and it appears from his answers that in the interval between the service on him of garnishment process and the filing of his answers, he had, without any reference to the garnishment, compromised with Jeff. Thomas, his alleged creditor, and paid him in full on his claim, which had been pending in court, five thousand dollars.

A rule was thereupon taken by the plaintiff on Daniel Pipes to show cause why judgment should not be entered up against him for the full amount of plaintiff's claim, less than the amount paid to Jeff. Thomas.

This rule, to which Pipes filed in court his answer, was dismissed, the court being of the opinion that the contract sued on by Jeff. Thomas against Pipes was an immoral and illegal one.

It is evident that on the tenth of November, 1865, when proceedings in garnishment against Pipes commenced, no writ of *fieri facias* had

been applied for by the plaintiff or issued, and that when the sheriff served the interrogatories on Pipes, no writ of *fieri facias* on the twelve months' bond was in the hands of the sheriff, and no constructive seizure could therefore have been made by service of the interrogatories. See Simpson *v.* Allum, sheriff, 7 R. 505 ; Roliteau *v.* Faliton, 11 R. 221 ; 2 A. 310.

In the case of Copnell *v.* Fretnell, 2 A. 310, this court said "it is quite unnecessary to inquire into the alleged default of the garnishees, and the defectiveness of their answers.

The proceedings against them were *ab initio* null and void. A *fieri facias* is the basis of the proceedings under the act of 1839, and by express terms of the statute, the property and effects in the hands of the garnishees shall be decreed to be levied upon by the sheriff from the date of the service of the interrogatories on such persons.

If there is no writ of *fieri facias* extant, or it has expired, proceedings against garnishees are void.

For the reasons now given, it is ordered, adjudged and decreed that the judgment on the rule be, and it is hereby affirmed, at the cost of the appellant.

Rehearing refused.