LOTTINGER, Judge.
From an examination of this record it appeared that the appeal bond had not been filed by the appellant. Consequently, this Court on its own motion issued a rule ordering the parties to show cause why the appeal should not be dismissed.
In response to the rule to show cause the appellee herein filed an answer requesting that the appeal be dismissed for failure to timely file an appeal bond. The appellant answers saying that a cash bond in the amount of $35.00 was timely filed with the Clerk of City Court. Appellant further contends that the Clerk of City Court erroneously lodged this case with the Court of Appeal and urges this Court to remand the case to City Court so that it may then be properly lodged in the District Court.
Upon further examination of the record we have concluded that the suspensive appeal bond was timely filed so as to perfect appellant’s right to appeal. The question arose due to the erroneous belief by the Clerk of City Court that the $35.00 check filed with her was intended as prepayment of the filing fee required by this Court. Thus, the Clerk of City Court transferred the record to this Court along with the $35.00 check to cover the filing fee thought to be required by this Court. (Filing fee is actually $25.00). Upon receipt of the record and accompanying check, the case was properly filed in this Court.
Upon further examination of the check in question it is apparent that the same was filed with the Clerk of City Court not for the purpose of prepaying the filing fee required by the Court of Appeal, but as a cash bond in the amount of $35.00 — that being the amount set by the Trial Judge. The check does in fact bear the notation “Suspensive Appeal Bond, Cox v. Kiefer, # 39,059”.
Although there is no indication in the record as to when the cash bond was filed with the Clerk of City Court, we must presume that it was filed timely. C. C.P., Art. 2127 states that “Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.” (Emphasis added)
For the above reasons, the request to dismiss this appeal for failure to file a suspensive appeal bond should be denied.
The next question is appellant’s contention that this Court is without jurisdiction and should remand this case to City Court for proper lodging in the District Court. Art. 5 Sec. 16(B) of the Louisiana Constitution of 1974 provides:
“A district court shall have appellate jurisdiction as provided by law.”
LSA, C.C.P. Art. 4899 provides in part:
“The appeal is to the district court of the parish, where the case is tried de novo.”
It is evident from the above that this court is without jurisdiction in the matter.
Under C.C.P. Art. 2162 this case is hereby remanded to the Lower Court with the authority to properly lodge this case in the Nineteenth Judicial District Court for a trial de novo.
Case remanded to lower court with instructions.