REDMANN, Judge.
For lack of jurisdiction over this application for supervisory writs to the First City Court of the City of New Orleans, we transfer it to the Civil District Court for the Parish of Orleans.
We have supervisory jurisdiction only “over cases in which an appeal would lie” to us, and appeals lie to us in all civil matters within our circuit “except as otherwise provided by this constitution”, La.Const.1974 art. 5 § 10(A). Art. 5 § 16(B) provides that district courts “shall have appellate jurisdiction as provided by law” and La.C.C.P. 4833 B (as amended, Acts 1976 No. 84 § 1) provides that “[t]he appeal from a city court when the amount in contest is one thousand dollars or less exclusive of interest, shall be returnable to the district court of the district in which the city is located.”
(Art. 4833’s heading — in any case not part of the law, C.C.P. 5057 — reads “Jurisdiction of city courts in municipalities of ten thousand or more population, New Orleans city courts excepted; appeal”. The heading appears to except New Orleans only from the jurisdiction provision and not from the appeal provision. The text of the article, subsection A, provides “This Subsection shall not apply to the city courts of New Orleans.” There is no similar provision in subsection B, which makes appeals returnable to district court or to court of appeal on the basis of the amount in contest.)
The Civil District Court for the Parish of Orleans is given jurisdiction over appeals in this case by C.C.P. 4833 B. We therefore have no appellate jurisdiction and no supervisory jurisdiction in this case. The District Court presumably has the authority to issue supervisory writs, as “needful writs” in aid of its jurisdiction within Const, art. 5 § 2.
Application transferred to the Civil District Court for the Parish of Orleans.