BAILES, Judge.
Plaintiff-appellant Gregory Crain brought this suit to recover the sum of $956.81, exclusive of legal interest, allegedly due as damages inflicted to a 1965 Pontiac automobile vandalized by unknown persons while in the possession of defendants as depositary. This matter originated in the City Court of the City of Baton Rouge.
After trial on the merits, plaintiff-appellant was awarded judgment in the amount of $382 by the said city court on February 10, 1977. Judgment was signed on February 11, 1977. On February 23, 1977, an appeal to the Nineteenth Judicial District *1172 Court was moved for and granted to the defendant, Allen D. Dearmond.
The appeal was heard by the Nineteenth Judicial District Court on July 21, 1978. For written reasons assigned, the judgment appealed was reversed and the demands of the plaintiff were rejected at his cost. From the judgment of the Nineteenth Judicial District Court, sitting as an appellate court, the plaintiff has appealed to this court.
We notice ex proprio motu lack of jurisdiction.
Article 5, Section 10 of the Constitution of 1974, provides:
“(A) Jurisdiction. Except in cases ap-pealable to the supreme court and except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of all (1) civil matters decided within its circuit and (2) matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles. It has supervisory jurisdiction over cases in which an appeal would lie to it.” (Emphasis added.) “(B) Scope of Review. * * *.”
Section 16 of Article 5 of the constitution provides:
“(A) Original Jurisdiction. * * *.
“(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.”
C.C.P. Article 4833, states:
ll * * *
“B. The appeal from a city court when the amount in contest is one thousand dollars or less exclusive of interest, shall be returnable to the district court of the district in which the city is located.
The appeal from a city court when the amount in contest exceeds one thousand dollars, exclusive of interest, shall be returnable to the court of appeal of the circuit in which the city is located. Amended by Acts of 1976, No. 84, § 1.”
As the amount involved in this matter is less than one thousand dollars, exclusive of interest, and in accordance with the constitutional and statutory provisions above quoted, this court has no jurisdiction to hear this appeal. There is but one appeal of right in matters of this nature. The defendant cast in the judgment of the city court appealed to the Nineteenth Judicial District Court. The unsuccessful party in that appeal has no right to appeal to this court and this court has no jurisdiction to hear this so-called appeal.
Accordingly, this matter is dismissed at appellant’s cost.
APPEAL DISMISSED.