BOUTALL, Judge.
On our own motion we issued a rule to show cause why this appeal should not be dismissed for lack of jurisdiction.
This case is a claim for refund of deposit on a sale agreement on the amount of $600 by plaintiff-appellant, Etienne J. Caire, II against John A. Stassi. It was originally filed in the First City Court of the City of New Orleans. Judgment was rendered in favor of the defendant dismissing plaintiff’s suit at his costs. Plaintiff then applied for and was granted a devolutive appeal returnable to the Civil District Court for the Parish of Orleans. Defendant answered the appeal seeking attorney’s fees. At pretrial conference, the parties agreed that the matter would be submitted on the record from the first city court and on briefs of the applicable law. The judge of the Civil District Court then entered judgment affirming the judgment of the First City Court and awarded defendant attorney’s fees of $500, giving detailed written reasons for his judgment.
The plaintiff then applied for an appeal to this court, suspensively and devolutively, and posted the suspensive appeal bond in the amount of $750 as fixed by the Civil District Court. Upon the appeal being lodged in this court, on our own motion we issued a rule to show cause why the appeal should not be dismissed and referred the parties to a decision of the Court of Appeal, 1st Circuit, entitled Gregory Crain v. Dearmond’s et al., 369 So.2d 1171 (La.App. 1st Cir. 1979). It is this question of jurisdiction which we now consider.
We agree with our brethren of the First Circuit that we have no appellate jurisdiction in a case such as this, where the Civil District Court for the Parish of Orleans has already exercised its jurisdiction as appellate court. We quote from that case:
“We notice ex proprio motu lack of jurisdiction.
“Article 5, Section 10 of the Constitution of 1974, provides:
‘(A) Jurisdiction. Except in cases appealable to the supreme court and except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of all (1) civil matters decided within its circuit and (2) matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles. It has supervisory jurisdiction over cases in which an appeal would lie to it.’ ‘(Emphasis added.)’
‘(B) Scope of Review. * * *
“Section 16 of Article 5 of the constitution provides:
‘(A) Original Jurisdiction. * * *
‘(B) Appellate Jurisdiction. A district Court shall have appellate jurisdiction as provided by law.’ ”
“C.C.P. Article 4833, states:
"A* * *
‘B. The appeal from a city court when the amount is contest is one thousand dollars or less exclusive of interest, shall be returnable to the district court of the district in which the city is located.
‘The appeal from a city court when the amount in contest exceeds one thousand dollars, exclusive of interest, shall be returnable to the court of appeal of the circuit in which the city is located.” Amended by Acts of 1976, No. 84, § 1.’ ”
Traditionally, the City Courts of New Orleans have differed in a number of respects from the general procedures set out for City Courts elsewhere in the state. We note that in this case the amount in controversy is $600. Accordingly, C.C.P. Article 4835 grants jurisdiction to the New Orleans City Courts concurrent with the Civil District Court. In cases involving $300 or less, the appeal from the City Court of New Orleans is to the Civil District Court where the case is tried de novo. C.C.P. Article 4921. In cases involving more than $300, as here, the appeal is governed by C.C.P. Arti- *1304 ele 5002 providing for a devolutive or sus-pensive appeal to the proper appellate court. We have held in the case of Hibernia National Bank in New Orleans v. De-Graauw, 351 So.2d 1223 (La.App. 4th Cir. 1977), affirmed 350 So.2d 1219, that C.C.P. Article 4833(B) is applicable to the City Courts of New Orleans, and that subsection as quoted above provides that the appeal, when the amount in contest is $1,000 or less, is to the District Court. The appeal is to. the Court of Appeal where the amount exceeds $1,000.
As the amount here involved is $600, the constitutional and statutory provisions above referred to make it clear that this court has no jurisdiction. There is no sound reason advanced upon which one could conclude that the law intended that a litigant appealing a judgment involving less than $1,000 should be granted more appellate safeguards than a litigant appealing a case involving more than $1,000. It defies judicial economy to suppose that C.C.P. Article 4833(B) intended to grant such a litigant the extra step in appeal sought for in this case.
Accordingly, this appeal is dismissed at appellant’s cost.

APPEAL DISMISSED.