379 So.2d 1056 (1980)
Etienne J. CAIRE, II
v.
John A. STASSI d/b/a John A. Stassi Real Estate.
No. 64949.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 3, 1980.
Stephen J. Caire, New Orleans, for plaintiff-applicant.
Robert G. Stassi, Brian, Simon, Peragine, Smith & Redfearn, New Orleans, for defendant-respondent.
DENNIS, Justice.[*]
This case presents the question of whether Article 5, § 10 of the Louisiana Constitution of 1974 affords a civil litigant an appeal to the court of appeal, regardless of a statute vesting appellate jurisdiction of his case in the district court.
Plaintiff, Etienne Caire, II, sued defendant, John A. Stassi, d/b/a John A. Stassi Real Estate, in the First City Court of New Orleans for the return of his $600 deposit after Caire failed to perform an agreement to purchase a hardware store. When the city court rejected his demand, Caire appealed unsuccessfully to the district court and then to the court of appeal, which dismissed his appeal for lack of jurisdiction. Caire v. Stassi, 371 So.2d 1302 (La.App. 4th Cir. 1979). At the time of Caire's appeal former Article 4833(B) of the Code of Civil Procedure provided that an appeal from a city court when the amount in contest is $1,000 or less shall be to the district court.[1] We granted certiorari to determine whether appellate jurisdiction of this case remains in the court of appeal by constitutional mandate despite the existence of a statute vesting appellate jurisdiction in the district court.
The judgment of the court of appeal is affirmed. Article 5, § 16 of the 1974 Louisiana Constitution, which authorizes the legislature to vest appellate jurisdiction in the district courts, also authorizes the lawmakers to divest the courts of appeal of any civil appellate jurisdiction that is vested in the district courts. Since former Article 4833(B) of the Code of Civil Procedure, which was in effect at the time of the present case, provided for a single appeal to the district court in city court contests involving $1,000 or less, the court of appeal correctly dismissed Caire's attempt to prosecute a second appeal in the intermediate court.
*1057 The Louisiana Constitution of 1974 does not give the courts of appeal appellate jurisdiction in all civil matters, for Section 10 of the Judiciary Article states that a court of appeal has jurisdiction in all civil matters decided within its circuit "[e]xcept in cases appealable to the supreme court and except as otherwise provided by this constitution." Art. 5, § 10, La.Const.1974. Section 16 of the Judiciary Article authorizes the legislature to invest the district courts with appellate jurisdiction: "A district court shall have appellate jurisdiction as provided by law." Art. 5, § 16(B), La.Const.1974. The instant case raises the question of whether the legislature, in vesting appellate jurisdiction in the district court, may thereby divest the court of appeal of such jurisdiction.
An analysis of the constitutional interplay between Sections 10 and 16 of the Judiciary Article reveals that when the legislature empowers the district courts to hear civil appeals, it may at the same time remove appellate jurisdiction of these cases from the courts of appeal. Had it been intended that the legislature could place preliminary, but not final, appellate jurisdiction in the district courts, there would have been no necessity to qualify Section 10's basic grant of civil appellate jurisdiction to the courts of appeal by adding "except as otherwise provided by this constitution." Section 16's grant of legislative authority to vest appellate jurisdiction in the district courts is the primary provision in the constitution to which the exception clause of Section 10 applies.[2] As Professor Hargrave, coordinator of legal research for the Constitutional Convention of 1973, observes: "* * * Since it is clear that district courts can be granted some appellate jurisdiction by law, and since it would have been unnecessary to include the exception clause in Section 10 if that appellate jurisdiction were to be concurrent, it would appear implicit that the legislature can divest the courts of appeal of the appellate jurisdiction that it vests in district courts. This would promote efficiency, and would be consistent with the background upon which these sections were drafted. * * *" [footnote omitted] Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L. Rev. 765, 805 (1977). Accord: Crain v. Dearmond's, 369 So.2d 1171 (La.App. 1st Cir. 1979); Hibernia Bank in New Orleans v. DeGraauw, 351 So.2d 1223 (La. App. 4th Cir. 1977) (comments as to appellate jurisdiction only); Cox v. Kiefer, 311 So.2d 596 (La.App. 1st Cir. 1975).
The legislature divested the court of appeal of appellate jurisdiction of the present case and vested it in the district court. Former Article 4833(B) divided appeals from the city court judgments into two classes: those in which the contested amount was $1,000 or less; and those in which the amount disputed exceeded $1,000. The smaller appeals were sent to the district court and the larger to the court of appeal. The article expressed the dichotomy as follows:
"* * *
"B. The appeal from a city court when the amount in contest is one thousand dollars or less exclusive of interest, shall be returnable to the district court of the district in which the city is located.
"The appeal from a city court when the amount in contest exceeds one thousand dollars, exclusive of interest, shall be returnable to the court of appeal of the circuit in which the city is located. "* * *." La.C.C.P. art. 4833(B). *1058 The legislature clearly intended to reduce the court of appeal's appellate caseload by providing a single appeal of right in the district court from the smaller city court contests. Relator suggests that Article 4833(B) may be construed nevertheless to allow a second appeal from the district court in suits involving $1,000 or less. His strained interpretation reads into the statute words neither stated nor intended, however, and would thwart the constitutional purpose authorizing the legislature to vest appellate jurisdiction in the district courts, i. e., promotion of judicial efficiency by reducing intermediate appellate caseload and providing a speedy, inexpensive remedy, for small claims at the local level.
The relator argues that the effect of the court of appeal decision, and ours in affirming the court of appeal, is to destroy a litigant's right to a trial de novo in the district court as provided by Article 4921 of the Code of Civil Procedure. By its own terms, however, Article 4921 applies only to appeals from New Orleans city courts when the principal amount in contest is $300 or less. Article 4921 does not apply in this case because the total amount in controversy is $600.
AFFIRMED.
MARCUS, J., dissents.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
I respectfully dissent. The majority states that Art. 5, § 16 of the 1974 Constitution authorizes the legislature to divest the courts of appeal of any civil appellate jurisdiction that is vested in the district courts. I disagree. Article 5, § 16 provides as follows:
"(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law."
Thus, Art. 5, § 16 simply empowers the legislature to vest appellate jurisdiction in the district court. Nowhere does the provision empower the legislature to divest the courts of appeal of their appellate jurisdiction by simply passing a statute. Article 5, § 10 establishes the appellate jurisdiction of the courts of appeal as follows:
"Section 10. (A) Jurisdiction. Except in cases appealable to the supreme court and except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of all (1) civil matters decided within its circuit and (2) matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles."
In this writer's opinion, Art. 5, § 16 does not otherwise provide for appellate jurisdiction in the district courts rather than in the court of appeal. It only permits the legislature to authorize the district courts to exercise some appellate jurisdiction in addition to that exercised by the courts of appeal.
NOTES
[*] The Honorable Jesse N. Stone, Jr. participated in this decision as an Associate Justice Ad Hoc.
[1] Effective January 1, 1980, an appeal from a judgment rendered by a parish court or by a city court shall be taken to the court of appeal. See La.C.C.P. art. 5001 (Act 46 of 1979).
[2] The exception clause may also refer to the assessment review procedure contemplated by Article 7, § 18E. On the other hand, there are constitutional provisions which augment the potential appellate jurisdiction of the courts of appeal, but which do not represent exceptions to, or provide otherwise than, Article 5, § 10's grant to a court of appeal of appellate jurisdiction of all civil matters decided within its circuit. Article 5, § 5E authorizes the legislature to provide by law for an appeal or review in all criminal cases not appealable to the supreme court. Article 10, § 12 provides that the decision of a civil service commission shall be subject to review on any question of law or act upon appeal to the court of appeal wherein the commission is located.