COLE, Judge.
This suit involves property damage done to an automobile. On September 10, 1977, a vehicle operated by the appellant, James J. McKenzie, struck the rear of an automobile owned by James T. F. Kao as they were traveling on Highland Road within the City of Baton Rouge, Louisiana.
Kao brought suit against McKenzie in the City Court for the City of Baton Rouge for the damages to his vehicle which amounted to $522.08. McKenzie thereafter answered and filed a third party claim against Merle D. Wiggins, alleging the accident was due to the negligence of that third party defendant.
Prior to trial, the Kao claim against McKenzie was settled and the only matter tried was the third party demand against Wiggins. Judgment was subsequently rendered in favor of McKenzie and against Wiggins in the amount of the main demand.
Wiggins appealed that judgment to the Nineteenth Judicial District Court which thereafter reversed the action of the trial court and dismissed the third party demand against Wiggins. McKenzie now appeals the judgment of the Nineteenth Judicial District Court.
We have no jurisdiction to consider this appeal. In Crain v. Dearmond’s, 369 So.2d 1171 (La.App. 1st Cir. 1979), we considered a similar sequence of events in the appellate process. As here, a judgment of the City Court for the City of Baton Rouge was appealed to the Nineteenth Judicial District Court. After the district court had acted, an attempt was then made to appeal its action to this court. There, we stated:
“We notice ex proprio motu lack of jurisdiction.
“Article 5, Section 10 of the Constitution of 1974, provides:
“ ‘(A) Jurisdiction. Except in cases ap-pealable to the supreme court and except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of all (1) civil matters decided within its circuit and (2) matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles. It has supervisory jurisdiction over cases in which an appeal would lie to it. .
“ ‘(B) Scope of Review. * *
“Section 16 of Article 5 of the constitution provides:
*424 “ ‘(A) Original Jurisdiction. * * *.
“ ‘(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.’
“C.C.P. Article 4833, states:
U * * *
“ ‘B. The appeal from a city court when the amount in contest is one thousand dollars or less exclusive of interest, shall be returnable to the district court of the district in which the city is located.
“ ‘The appeal from a city court when the amount in contest exceeds one thousand dollars, exclusive of interest, shall be returnable to the court of appeal of the circuit in which the city is located. Amended by Acts of 1976, No. 84, § 1.’ ”[1]
“As the amount involved in this matter is less than one thousand dollars, exclusive of interest, and in accordance with the constitutional and statutory provisions above quoted, this court has no jurisdiction to hear this appeal. There is but one appeal of right in matters of this nature. The defendant cast in judgment of the city court appealed to the Nineteenth Judicial District Court. The unsuccessful party in that appeal has no right to appeal to this court and this court has no jurisdiction to hear this so-called appeal.
“Accordingly, this matter is dismissed at appellant’s cost.”
More recently, in Caire v. Stassi, 379 So.2d 1056 (1980), our Supreme Court affirmed that in cases which originate in a city court, involving $1,000.00 or less, the appeal is to the proper district court and a court of appeal has no appellate jurisdiction. Therefore, the appeal to this court is dismissed at appellant’s cost.
Appellant has also requested in his brief that, if this court has no jurisdiction to consider this appeal, we treat this filing as a writ application. However, as provided in Article 5, Section 10 of the 1974 Louisiana Constitution, this court has supervisory jurisdiction only over cases in which an appeal to it would lie. Therefore, we have no jurisdiction over this case on any basis.
APPEAL DISMISSED.

. Effective January 1, 1980, an appeal from a judgment rendered by a parish court or by a city court shall be taken to the court of appeal. See La.C.C.P. art. 5001 (Act 46 of 1979).