ON RULE TO SHOW CAUSE
Before SAMUEL, BOUTALL and GARRISON, JJ.
SAMUEL, Judge.
This matter is before us on our ex proprio motu rule to show cause why this appeal should not be dismissed.
*619 The suit (on an open account for $514.50, interest and attorney fees) was filed in the First City Court for the City of New Orleans on June 13, 1978. On November 19, 1978, following trial, there was judgment in favor of plaintiff as prayed. On November 23, 1978 defendant appealed suspensively to the Civil District Court for the Parish of Orleans, the proper appellate court at that time under the provisions of Code of Civil Procedure Article 5001. However, such appeals are no longer taken to the district courts. Article 5001 was changed by Act 46 of 1979 so that, effective January 1, 1980, appeals from city and parish court judgments “shall be taken” to the courts of appeal.
Defendant’s suspensive appeal, timely taken to the district court in 1978, was heard by that court on January 31,1980 and on that date judgment was rendered affirming the judgment of the city court. Defendant then took this suspensive appeal to this court.
Appellant contends that since the matter was heard by the district court after the effective date of the change in C.C.P. Art. 5001, his appeal to this court is proper. We do not agree.
The district court was the only appellate authority to which the 1978 appeal could have been taken and that court had jurisdiction to hear the same. Act 46 of 1979 has reference only to the court to which an appeal “shall be taken”; it does not deprive the district court of jurisdiction to hear the appeal which was taken properly and timely to that court; and the appeal to the district court was the only one appellant was entitled to take.[1] Act 46 of 1979 does not give him an additional appeal. He has had his appeal and this court is without jurisdiction to hear another appeal from the conclusion reached by the district court. Nor, as no appeal lies to this court, do we have supervisory jurisdiction.[2]
For the reasons assigned, the appeal is dismissed.
APPEAL DISMISSED.

. See Caire v. Stassi, La., 379 So.2d 1056; Kao v. McKenzie, La.App., 385 So.2d 423; Crain v. Dearmond’s, La.App., 369 So.2d 1171.

. Article 5, Section 10, of the 1974 Louisiana Constitution.