I «PER CURIAM.
This matter is before this court on an application for supervisory writs taken from the denial of a motion for summary judgment in the City Court of Baton Rouge. Because we decline to exercise our supervisory jurisdiction for the reasons that follow, this matter is transferred to the Nineteenth Judicial District Court.
FACTS
Plaintiff, Willie J. Green, Sr., filed suit against defendants, Winn-Dixie Louisiana, Inc., Park Place Plaza Associates, and Travelers Indemnity Co. of Illinois in the City Court of Baton Rouge. Mr. Green sought damages resulting from a slip and fall in the parking lot of a Winn-Dixie store in Baton Rouge. The defendants filed a motion for summary judgment and for sanctions, which the trial court denied on February 8, 2002. However, the defendants allege that the trial court’s ruling was unknown to any party. According to the defendants, notice of the signing of the judgment was not issued by the court until April 24, 2003. The defendants filed an application for writs to this court directly, bypassing the Nineteenth Judicial District Court. The notice of intent submitted by relators is not file-stamped or dated.
DISCUSSION
Article V, Section 10 of the Louisiana Constitution of 1974, as amended in 1980 and 1990, provides, in pertinent part:
(A) Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, including direct review of administrative agency determinations in worker’s compensation matters as heretofore or hereafter provided by law, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.
Section 16 of Article V of the constitution provides, in pertinent part:
(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.
Louisiana Code of Civil Procedure article 5001 states:
A. Except as provided in Paragraph B of this Article, an appeal from a judgment rendered by a parish court or by a city court shall be taken to the court of appeal.
B. Appeal from a judgment rendered by a city court located in the | Nineteenth Judicial District shall be taken to the district court of the parish in which the court of original jurisdiction is located.
C. Appeal shall be on the record and shall be taken in the same manner as an appeal from the district court. (Emphasis added).
Based on the last sentence of Louisiana Constitution Article V, Section 10(A), this court has supervisory jurisdiction in this matter. However, Article V, Section 2 of the Louisiana Constitution states, in pertinent part, “A judge may issue writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdic *155 tion of his court.” Based on this provision, therefore, we hold that the Nineteenth Judicial District Court also has jurisdiction to issue supervisory writs as “needful writs” in aid of its appellate jurisdiction. See Hibernia National Bank in New Orleans v. Degraauw, 351 So.2d 1223, 1224 (La.App. 4th Cir.1977).[1]
This Court declines to exercise its supervisory jurisdiction in this matter; we defer to the concurrent supervisory jurisdiction of the Nineteenth Judicial District Court. In accordance with the constitutional and statutory provisions cited above, this writ application is transferred to the Nineteenth Judicial District Court. See Hibernia National Bank, 351 So.2d at 1224.[2]
CONCLUSION
For the foregoing reasons, this court transfers this writ application to the Nineteenth Judicial District Court.
WRIT APPLICATION TRANSFERRED.

. We recognize that the applicable constitutional provisions have changed since the Hibernia case was decided; therefore, we do not cite it for its substantive conclusion concerning appellate jurisdiction.

. We note that this writ application does not comply with the Uniform Rules of the Courts of Appeal. More specifically, the defendants have failed to comply with Uniform Rules-Courts of Appeal, Rules 4-2 and 4-3, in that the application does not contain documentation of the date fixed by the trial court for filing the writ application with this Court and a copy of the notice of intent to seek writs or request for return date showing the filing date. Moreover, the defendants also failed to include a copy of the minute entry; the judgment; the judge’s reasons for judgment, if written; and the motion for summary judgment and all documents reviewed by the trial court in considering the motion for summary judgment, including any opposition memos filed, as required by Rules 4-5 (i), (g), (f), and (h). See LSA-C.C.P. arts. 5003 and 2201.