STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1660

BATON ROUGE CREDIT, LLC

VERSUS

JESSICA GAUTHIER AND RODNEY LYNN LEFEAUX

Judgment Rendered: **MAR** 1 0 2021

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C680461

Honorable Wilson E. Fields, Judge Presiding

**************

Richard D. Bankston
Baton Rouge, LA

Counsel for Plaintiff/Appellee,
Baton Rouge Credit, LLC

Daniel J. McGlynn
Allison J. Sabine, Jr.
Baton Rouge, LA

Counsel for Defendant/Appellant,
Greenworks, LLC

Kelly E. Balfour
Baton Rouge, LA

**************

BEFORE: WHIPPLE, C.J., HOLDRIDGE, AND PENZATO, JJ.

**WHIPPLE, C.J.**

This matter is before us on appeal by Greenworks, LLC, from a judgment of the district court affirming a city court judgment *pro confesso* granted in favor of plaintiff, Baton Rouge Credit, LLC. For the reasons that follow, we vacate the judgments of the district court and city court and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Defendants, Rodney Lynn Lefeaux and his girlfriend, Jessica Gauthier, the debtors in this matter, purportedly defaulted on a promissory note executed by them in favor of Baton Rouge Credit, LLC ("Baton Rouge Credit"), to secure the purchase of a vehicle for Gauthier.[1] Baton Rouge Credit, as a holder in due course of the promissory note, filed suit in the City Court of Baton Rouge against Gauthier and Lefeaux, seeking judgment in the amount of $5,012.90 together with interest, costs, and attorney's fees. Thereafter, judgment was rendered against Lefeaux as prayed for.[2]

Baton Rouge Credit subsequently filed a petition for garnishment against Greenworks, LLC ("Greenworks"), Lefeaux's employer,[3] through its registered agent for service of process, Hakan Sumer, requesting that Greenworks be made a garnishee and answer the accompanying interrogatories. On November 8, 2017, the city court signed an order, citing Greenworks as garnishee and ordering Greenworks to answer the annexed interrogatories within fifteen days from service of process. After several months passed, Baton Rouge Credit filed a motion for judgment *pro confesso* on April 18, 2018, contending that Greenworks was served with the garnishment interrogatories on November 28, 2017, and failed to file

---

[1]Gauthier executed the note as the "Borrower," and Lefeaux signed as "Co-Borrower."

[2]Following the entry of a judgment against Lefeaux, Baton Rouge Credit also obtained a judgment against Gauthier in the amount of $5,012.90 with interest, costs, and attorney's fees. However, the only garnishment action at issue in this appeal relates to Lefeaux.

[3]Lefeaux was employed as a mechanic for Hi-Tech Car Care, which was owned by Greenworks.

proper answers. Baton Rouge Credit thus sought to enforce the LSA-C.C.P. art. 2413 presumption that Greenworks' failure to answer served as *prima facie* proof that it is indebted to the judgment debtor, Lefeaux, to the extent of the amount of the judgment rendered against Lefeaux, plus interest, and costs.

In response, Greenworks filed a memorandum in opposition to the motion, challenging service of the garnishment proceedings as improper. Greenworks also contended that the interrogatories were properly answered by Greenworks' certified public accountant ("CPA"), that Lefeaux was employed by Greenworks from December 1, 2017 to April 20, 2018, and that Lefeaux was indebted to Greenworks for payment advances factored into his salary over the course of his employment. Greenworks further averred that these payment advances constituted a loan by Lefeaux, which served to reduce or offset Baton Rouge Credit's claim for garnishment pursuant to LSA-R.S. 13:3925.[4]

The motion was set for hearing on November 14, 2018. At the conclusion of the hearing, the city court granted Baton Rouge Credit's motion for judgment *pro confesso* as prayed for and signed a judgment in favor of Baton Rouge Credit and against Greenworks, for the full sum of $5,012.90, with interest from the date of judicial demand, February 10, 2017, at the rate of 29.89% per year until April 10, 2018, and 18% thereafter until paid in full, with 25% of the aggregate of principal

---

[4] Louisiana Revised Statute 13:3925 sets forth the provisions governing the answering of garnishment interrogatories when an employer pleads that his employee is indebted to him for amounts due and owing. In particular, the statute requires that:

> [T]he employer shall make a full and complete disclosure of the status of such account to the creditor, in writing by certified mail, showing the time that the debt was incurred, the exact amount of the debt, the credits applied to the debt, the manner in which the debt is being liquidated as of the time of the service of the interrogatories, and all other pertinent facts.

LSA-R.S. 13:3925(A).

and interest due as attorney's fees, plus costs, and an additional attorney's fee of $250.00 for the motion, pursuant to LSA-C.C.P. art. 2413(C).[5]

Greenworks then filed a suspensive appeal of the city court judgment to the Nineteenth Judicial District Court, pursuant to LSA-C.C.P. art. 5001(B). On September 18, 2019, the district court signed a judgment sustaining the city court judgment *pro confesso* in favor of Baton Rouge Credit and against Greenworks. Greenworks then filed the instant suspensive appeal of the judgment of the district court.

## DISCUSSION

### Motion to Dismiss Appeal

At the outset, we note that Baton Rouge Credit filed a motion to dismiss the instant appeal for lack of subject matter jurisdiction on the basis that LSA-C.C.P. art. 5001(B) confers appellate jurisdiction over the Baton Rouge City Court with the Nineteenth Judicial District Court. Baton Rouge Credit contends that where this court only has supervisory jurisdiction over this matter pursuant to LSA-Const. art. V, § 10(A), and Greenworks did not file an application for supervisory writs, this appeal should be dismissed.

Greenworks opposed the motion, contending that since its motion for suspensive appeal was filed within the thirty-day delay for filing an application for supervisory writs, this appeal should be converted to a writ application and the September 18, 2019 judgment should be reviewed under this court's supervisory jurisdiction.[6] We agree.

Louisiana Code of Civil Procedure article 5001(B) provides that an appeal from a judgment "rendered by a city court located in the Nineteenth Judicial

---

[5]Louisiana Code of Civil Procedure article 2413(C) provides that regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney fee for the motion.

[6]Greenworks' motion for suspensive appeal was filed on September 27, 2019.

4

District shall be taken to the district court of the parish in which the court of original jurisdiction is located." By mandating that such appeals be filed in the Nineteenth Judicial District Court, the legislature granted appellate jurisdiction over the specified city court judgments to the district court and, likewise, divested this court of **appellate** jurisdiction. See LSA-Const. art. V, § 16(B); Miazza v. City of Mandeville, 2010-0304 (La. 5/21/10), 34 So. 3d 849 (*per curiam*); Caire v. Stassi, 379 So. 2d 1056, 1057 (La. 1980). Nonetheless, this proceeding is within the scope of our **supervisory** jurisdiction pursuant to Article V, § 10(A) of the Louisiana Constitution.

When a party files an appeal under these circumstances, our supreme court has directed that the appeal should be converted to an application for supervisory writs. See Meiners v. St. Tammany Fire Protection District #4 Board of Commissioners, 2010-0912 (La. 6/25/10), 38 So. 3d 359; Miazza, 34 So. 3d at 849; see also Aaron v. Exxon Mobil Corporation, 2015-0045 (La. 4/10/15), 163 So. 3d 800. Thus, because the motion for suspensive appeal was filed by Greenworks within thirty days of the notice of judgment, we convert this appeal to an application for supervisory writs and will consider this matter as such pursuant to our supervisory jurisdiction.[7] See Rule 4-3, Uniform Rules, Courts of Appeal; Tower Credit, Inc. v. Bradley, 2015-1164 (La. App. 1st Cir. 4/15/16), 194 So. 3d 62, 64-65. Accordingly, Baton Rouge Credit's motion to dismiss is denied.

### Garnishment Under a Writ of *Fieri Facias*

A judgment for the payment of money may be executed by a writ of *fieri facias* directing the seizure and sale of property of the judgment debtor. See LSA-C.C.P. art. 2291. After the issuance of a writ of *fieri facias*, a judgment creditor may file a petition to cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under his control belonging to

---

[7]The notice of judgment herein was mailed on September 23, 2019.

5

the judgment debtor and in what amount he is indebted to him, even though the debt may not be due. LSA-C.C.P. art. 2411(A).

A garnishment proceeding is nothing more than a streamlined legal process that facilitates a judgment creditor's seizure of property of a judgment debtor in the hands of a third party. See LSA-C.C.P. arts. 2411-2417; Tower Credit, Inc. v. Carpenter, 2001-2875 (La. 9/4/02), 825 So. 2d 1125, 1127. Garnishment of the debtor's wages is a procedure governed by LSA-R.S. 13:3921, *et seq.* See LSA-C.C.P. art. 2411(B)(2) and (C); Zurich Insurance Co. v. Harmon, 95-0297 (La. App. 1st Cir. 10/6/95), 671 So. 2d 383, 384. **"In every case in which the wage or salary of a laborer, wage earner, ... or employee ... shall be garnished either under attachment or fieri facias** or as otherwise provided by law, a judgment shall be rendered by the court of competent jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage ... as provided by law, and providing for the payment to the sheriff, marshal, or constable for processing prior to payment to the seizing creditor... ." LSA-R.S. 13:3921(A) (emphasis added).

Here, the petition for garnishment against Greenworks was accompanied by garnishment interrogatories, instructions concerning general exemptions from seizure pursuant to LSA-R.S. 13:3881, warnings regarding the failure to answer and withhold, a statement of sums due, a "Take Notice" statement, and a writ of *fieri facias*. However, the "Take Notice" statement advised Greenworks that by virtue of a writ of *fieri facias* and garnishment the city court has seized "ALL GOODS, MONIES, RIGHTS AND CREDITS, OR PROPERTY OF ANY KIND NOW IN [GREENWORKS] POSSESSION AND BELONGING TO: **JESSICA GAUTHIER**" and that Greenworks was to begin deductions at once to satisfy the amount of the judgment. Moreover, the writ of *fieri facias* attached to the garnishment petition served on Greenworks commanded the city court constable to

6

execute the seizure and sale of property, real and personal rights and credits of "*JESSICA GAUTHIER.*"

Although Baton Rouge Credit contends in its petition for garnishment that the city court issued a writ of *fieri facias* ordering the seizure and possession of all property rights and credits of **Lefeaux**, there is nothing in the record before us to show that such a writ of *fieri facias* was issued in Lefeaux's name. Further, there is nothing in the record before us to establish, nor do the parties contend, that Gauthier was employed by Greenworks or that Greenworks otherwise possessed any of Gauthier's property. Instead, the only indication on the record before us regarding the writ of *fieri facias* upon which the garnishment was based was for the seizure of Gauthier's property, not Lefeaux's property.

A writ of *fieri facias* is the basis of the proceedings in garnishment. See O.K. Realty Co. v. John A. Juliani, Inc., 1 La. App. 1, 2 (1924); Matta v. Thomas, 21 La. Ann. 37, 38 (1869). If there was no writ of *fieri facias*, there could have been no garnishment or seizure, and the seizure and garnishment proceedings and resulting judgment *pro confesso* are invalid. Cf. O.K. Realty Co. v. John A. Juliani, Inc., 1 La. App. at 3; Matta v. Thomas, 21 La. Ann. at 38; see also Roos v. Merchants' Mutual Insurance Co., 28 La. Ann. 319, 319-320 (1876) (Notably, Roos involved two judgments: one against "Frank, Haas & Co." as a firm and its individual members and another against the firm of "A. Roos & Co." A writ of *fieri facias* was issued against the firm of Frank, Haas & Co. and its individual members, including Henry Roos, but not against the firm of A. Roos & Co. Plaintiff argued he was entitled to claim the funds of A. Roos & Co. held by the sheriff/garnishee because a writ of *fieri facias* had issued against Henry Roos, who was an individual member of both firms. The Louisiana Supreme Court rejected plaintiff's argument and held that where a writ of *fieri facias* had not issued against

7

A. Roos & Co., plaintiff could not collect the assets of A. Roos & Co. to satisfy the judgment).

Louisiana Code of Civil Procedure article 2164 provides that "[t]he appellate court shall render any judgment which is just, legal, and proper **upon the record on appeal**." (Emphasis added). The record before us is devoid of any evidence that a writ of *fieri facias* was issued for the seizure of property or wages of **Lefeaux**. Pursuant to the provisions of LSA-C.C.P. arts. 2291 and 2411(A) and LSA-R.S. 13:3921(A), a garnishment under a writ of *fieri facias* obligates a garnishee/employer, here Greenworks, to declare under oath what property it has in its possession or under its control belonging to the judgment debtor and in what amount the judgment is indebted to it, even though the debt may not be due and to garnish the wages of the judgment debtor/employee, pursuant to the writ of *fieri facias*.

In view of the record deficiency, i.e., the absence of an indication that a writ of *fieri facias* issued herein for the seizure of Lefeaux's property, and the fact that the lack of a writ of *fieri facias* for the seizure of Lefeaux's property would render the judgment *pro confesso* against Greenworks invalid, we are constrained to vacate the judgments of the district court and city court and remand this matter to the district court with instructions to remand to the Baton Rouge City Court for the city court to conduct a hearing to determine whether a writ of *fieri facias* for the seizure of Lefeaux's property actually issued herein or whether Greenworks was cited to garnish Lefeaux's wages pursuant to a writ of *fieri facias* issued in Gauthier's name alone, and to thereafter render judgment accordingly.[8] See Mid-City Automotive, L.L.C. v. Department of Public Safety and Corrections, 2018-0056 (La. App. 1st Cir. 11/7/18), 267 So. 3d 165, 174 (where this court was unable

---

[8] See Beck v. City of Baker, 2011-0803 (La. App. 1st Cir. 9/10/12), 102 So. 3d 887, 895, writ denied, 2012-2455 (La. 1/11/13), 107 So. 3d 617, where this court remanded the case to the district court, with instructions to remand it to the lower tribunal to conduct further proceedings.

to determine from the record on appeal whether plaintiff complied with a pertinent statute, this court vacated and remanded to the trial court to determine whether plaintiff satisfied the requirements of the statute). In so doing, we render no opinion as to the merits of the assignments of error urged in the present appeal, which are pretermitted for future consideration.

## CONCLUSION

For the above and foregoing reasons, the motion to dismiss the appeal is denied; the September 18, 2019 judgment of the district court and the November 14, 2018 judgment of the city court are vacated; and this matter is remanded to the district court with instructions to remand to the Baton Rouge City Court for the purpose of conducting a hearing in accordance with our instructions herein and to render judgment accordingly. Costs of this appeal are assessed one-half to the appellant, Greenworks, LLC, and one-half to the appellee, Baton Rouge Credit, LLC.

**MOTION TO DISMISS APPEAL DENIED; JUDGMENTS VACATED; CASE REMANDED WITH INSTRUCTIONS.**