JgCIACCIO, J.
Plaintiff Michael D. Guidroz appeals an Office of Workers’ Compensation (OWC) judgment dismissing his claim with prejudice.
FACTS
On August 21, 1998, while working as a garbage “hopper” for CPST, Inc., Michael Guidroz fell from the back of the truck injuring his lower back and legs. CPST referred Mr. Guidroz to Dr. Thomas R. Donner, who diagnosed a resolving muscular strain. Dr. Donner did not find that Mr. Guidroz’s injuries required any work restrictions. Mr. Guidroz then began seeing Dr. Stuart I. Phillips, who diagnosed a lumbar disc displacement and declared Mr. Guidroz totally and permanently disabled.
In January 2000, CPST terminated Mr. Guidroz’s workers’ compensation benefits even though Dr. Phillips recommended lumbar fusion surgery. In response, Mr. Guidroz filed a disputed claim for compensation form with OWC.
After a trial, the workers’ compensation judge found that the surgery recommended by Dr. Phillips was unnecessary and dismissed Mr. Guidroz’s claim for benefits. The court further held that CPST was entitled to a credit for overpayment of benefits to Mr. Guidroz in the amount of $2,178.56.
Mr. Guidroz now appeals, arguing that the trial court ex-red: 1) in finding that Mr. Guidroz was not entitled to the lumbar fusion surgery; 2) in finding that he was not entitled to either temporary total disability benefits or supplemental earnings benefits; and 3) in finding that CPST was entitled to a credit for overpayment of benefits to Mr. Guidroz.
LAW AND ARGUMENT
The workers’ compensation judge’s finding on whether a particular medical treatment is necessary is factual in nature and therefore subject to the manifest error/clearly wrong standard of review.[2] The appellate court must determine not whether the trial court was right or wrong, but whether its conclusions were | ^reasonable. And if there are two permissible views of the evidence, the fact-finder’s choice between them can never be manifestly erroneous or clearly wrong.[3] So if the fact-finder’s conclusions are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that it would have weighed the evidence differently.[4]

Assignment of Error Number 1

The workers’ compensation judge heard conflicting medical opinions about whether the lumbar fusion surgery was necessary. Mr. Guidroz’s treating physician, Dr. Phillips, wanted to perform the surgery. And Mr. Guidroz properly argues that the treating physician’s testimony should generally be given more weight than a physician who merely conducts an examination.[5] But Dr. Donner, Mr. Gui-droz’s original treating physician, did not find that surgery was necessary. And Mr. Guidroz admitted at trial that he terminat *635 ed his relationship with Dr. Donner specifically because he disagreed with Dr. Donner’s diagnosis. Dr. Daniel Trahant, Dr. Robert Steiner, and Dr. Claude Williams, who each examined Mr. Guidroz once, found no evidence of permanent injury and agreed with Dr. Donner that surgery was unnecessary. Accordingly, OWC’s conclusion that the lumbar fusion surgery was neither reasonable nor necessary cannot be manifestly erroneous. This assignment of error has no merit.

Assignment of Error Number 2

Likewise, the question of whether an employee is entitled to workers’ compensation benefits is ultimately a question of fact and the appellate court may not disturb the fact-finder’s resolution of that issue absent manifest error or unless it is clearly wrong.[6]
LSA-R.S. 23:1221(l)(c) provides compensation for temporary total 14disability only if the employee proves by clear and convincing evidence that he is physically unable to engage in any employment or self-employment. And in order to receive supplemental earnings benefits, the injured employee must prove by a preponderance of the evidence that his work-related injury prevents him from earning at least 90% of the wages earned at the time of his injury.[7] An employee who is released to return to work without restrictions can be presumed to be able to return to his former position.[8]
' Mr. Guidroz testified at trial that continuing pain prevented him from working as a hopper. But he then admitted that he was able to paint, clean the house and perform general maintenance work. And again, only one of the five physicians who examined Mr. Guidroz declared him disabled. The workers’ compensation judge’s ruling indicates that when faced with conflicting views of the evidence, he gave greater weight to the medical opinions of Drs. Donner, Steiner, Williams, and Tra-hant. We cannot say that he was clearly wrong in his conclusion. This assignment of error is without merit.

Assignment of Error Number S

Finally, Mr. Guidroz contends that the trial court erred in finding that CPST was entitled to a credit for overpayment of benefits to Mr. Guidroz. An employer is entitled to a credit for overpayment of benefits, and the credit applies toward any future payments to that employee.[9] After considering the evidence presented, we cannot say that the trial court abused its discretion in granting the credit to CPST. This assignment of error has no merit.
CONCLUSION
For these reasons, we affirm OWC’s judgment dismissing Mr. Guidroz’s workers’ compensation claim with prejudice. Costs of this appeal are assessed |Bto appellant, Michael Guidroz.
AFFIRMED.

. Connolly v. Seeley Service Construction, 97-1620 (La.App. 1 Cir. 5/15/98), 712 So.2d 636, 639.

. Weems v. Dixie Lion Warehouse & Cartige Co., 00-1536 (La.App. 1 Cir. 9/28/01), 809 So.2d 305, 308, writ denied, 01-2917 (La.1/25/02), 807 So.2d 839.

. Id.

. Savarino v. Blue Cross and Blue Shield of Louisiana, Inc., 98-0635 (La.App. 1 Cir. 4/1/99), 730 So.2d 1083, 1089.

. Barber Bros. Contracting Co. v. Cuccia, 98-0675 (La.App. 1 Cir. 4/1/99), 734 So.2d 820, 823, writ denied, 99-1258 (La.6/18/99), 745 So.2d 31.

. LSA-R.S. 23:1221(3); Scott v. Lakeview Regional Medical Center, 01-0538 (La.App. 1 Cir. 3/28/02), 818 So.2d 217, 220-221.

. Carter v. Winn Dixie Louisiana, Inc., 613 So.2d 686, 690 (La.App. 5 Cir.), writ denied, 617 So.2d 940 (1993).

. LSA-R.S. 23:1206; Jackson v. Creger Automotive Co., Inc., 29,249 (La.App. 2 Cir. 4/2/97), 691 So.2d 824, 829, writ denied, 97-1436 (La.9/26/97), 701 So.2d 984.