STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 03-1162


LOUIS K. HAWTHORNE

VERSUS

LOUISIANA DEPARTMENT OF AGRICULTURE & FORESTRY


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - #1E
PARISH OF CATAHOULA, NO. 02-01402
BRENZA IRVING, WORKERS' COMPENSATION JUDGE

**********


BILLY HOWARD EZELL
JUDGE

**********


Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.


Jack Forsythe Owens, Jr.
Attorney at Law
P. O. Box 595
Harrisonburg, LA 71340
(318) 744-5431
Counsel for: Plaintiff/Appellant
Louis K. Hawthorne

**Edward M. Campbell**
**Special Asst. Atty General**
**1721 Washington St.**
**Natchitoches, LA 71547**
**(318) 560-3027**
**Counsel for: Defendant/Appellee**
**Louisiana Department of Agriculture &Forestry**

**EZELL, JUDGE**.

Louis Hawthorne appeals a judgment from the Office of Workers' Compensation which held that he could return to his former work on a four-wheeler placing traps for boll weevils in fields. We affirm.

## FACTS

Hawthorne was hired by the Louisiana Department of Agriculture and Forestry on March 27, 2000. On April 6, 2000, he broke his left wrist and arm when a bank caved in, causing him and the four-wheeler he was driving to fall, with the four-wheeler landing on him. He was treated by Dr. Ronnie Gregg at Riverland Medical Center.

The State initially paid indemnity and medical benefits but discontinued paying Hawthorne's benefits in March 2001. Thereafter, Hawthorne filed a disputed claim form with the Office of Workers' Compensation. A hearing was held on April 4, 2003. The workers' compensation judge (WCJ) awarded temporary total disability benefits for the period from May 17, 2001, through August 13, 2001. She also approved a recommended surgical procedure. However, the WCJ denied the award of any other benefits, medical treatment, or penalties and attorney's fees. The judgment was signed on May 12, 2003.

Hawthrone appeals. He alleges that the WCJ erred in finding that he is capable of working on a four-wheeler.

## DISABILITY

Hawthorne claims that the WCJ erred in finding that he is capable of working without corrective surgery. He claims that Dr. John Passman, an orthopedic surgeon, made it clear that he could not return to work riding a four-wheeler until he had corrective surgery.

1

Compensation for temporary total disability is available "only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment." La.R.S. 23:1221(1)(c). "To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence." *Hagan v. LSU Med. Ctr.*, 28,669, p. 6 (La.App. 2 Cir. 9/27/96), 681 So.2d 971, 975.

"[T]he question of whether an employee is entitled to workers' compensation benefits is ultimately a question of fact and the appellate court may not disturb the fact-finder's resolution of that issue absent manifest error or unless it is clearly wrong." *Guidroz v. CPST, Inc.*, 01-1894, p. 3 (La.App. 1 Cir. 9/27/02), 835 So.2d 633, 635.

As a result of the accident Hawthorne sustained a left distal radius fracture. It appears the wrist did not heal properly, resulting in a mal-united left radial fracture with volar angulation and slight collapse of the joint space creating an elongation of the ulna.

Dr. Gregg opined that Hawthorne was sufficiently recovered to resume a normal workload on March 1, 2001. This is when the State terminated his benefits. Hawthorne then went to see Dr. Passman.

Dr. Passman evaluated Hawthorne on May 17, 2001. He opined that Hawthorne was unable to do manual labor at that time because of limitation of motion and pain in his left wrist joint. At that point, Dr. Passman recommended surgery to remedy the left wrist problem, but Hawthorne did not want surgery. Dr. Passman stated that Hawthorne could go back to riding a four-wheeler if he had the recommended surgery.

An independent medical examination was performed by Dr. Douglas Brown on

August 13, 2001. Dr. Brown agreed with Dr. Passman that Hawthorne would benefit from a surgical procedure. However, he opined that Hawthorne was fully capable of driving a four-wheeler and performing his job even if he did not have the surgery. Dr. Brown observed that Hawthorne was having some wrist pain but did not find that it was restricting his ability to function with the activities of daily living.

Based on this evidence we cannot say that the WCJ was clearly wrong in finding that Hawthrone was able to return to work and denying temporary total disability benefits. The judgment of the Office of Workers' Compensation is affirmed. Costs are assessed to Louis Hawthorne.

**AFFIRMED.**