LOTTINGER, Judge.
Petitioner, Harding W. Williams, filed this suit against Simon Alleman and his insurer, Continental Casualty Company, for damages to petitioner’s automobile resulting from a rear end collision. The Lower Court awarded damages in favor of petitioner in the amount of $440. Petitioner took this appeal seeking an increase in award.
The facts show that the accident occurred on the night of September 2, 1951. Both petitioner and defendant were driving their vehicles on the Donaldsonville-White Castle Highway in the direction, of Donald-sonville. Petitioner was driving at about 15 to 20 miles per hour, and defendant was proceeding at between 50 and 55 miles per hour. Defendant claims that he was blinded by the headlights of oncoming cars, and, because of his temporary blindness, he did not see the car of petitioner and ran into the rear end of petitioner’s car-totally demolishing it. Petitioner sued for damages in the sum of $1,337. The Lower Court awarded judgment for petitioner in the sum of $440. Petitioner appeals seeking an in *916 crease in award. As no answer to the appeal was filed by defendant, the only question before us is whether the sum awarded is sufficient to reimburse petitioner for his loss.
The facts show that petitioner purchased his car secondhand in 1948 for the price of $1,337. He claims that, although three and one-half years had elapsed from the date of purchase to the date of the accident, the car was fully worth the same amount at the time of the accident.
Norman LeBlanc, who testified for petitioner, stated that he had done work on the car during 1949 and 1950. He stated that, in 1950, he had installed two new doors and windows, and that the charges for same was $280. He testified that the car was in good shape.
Mr. Hebert, a retail automobile dealer, testified on behalf of the defendant. He stated that, at the time of the accident, the petitioner’s 1942 Dodge automobile had a selling price of $5.15, and that after the accident the car had a salvage value of $50 or $75.
Now it is a certainty that the car of petitioner did depreciate in value during the three and one-half year period between the date of purchase and the date of-the accident. It is evident that the installation of the .two doors represented repairs to the car which would not necessarily appreciate the value thereof. We could not imagine the replacement of' two doors for any reason other than that the said doors had been damaged. Nor could we imagine that petitioner’s particular car was worth any more than- the top market value of a similar car at the time of the accident.
According to Mr. Hebert’s expert testimony, the top selling price of that make and model car at the time of the accident was $515. In this particular instance, the car had a salvage valu’e of $50 to $75 after the accident. We are unable to go along with petitioner’s reasoning that the car did not depreciate during the period of three and one-half years.
For the reasons hereinabove given, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.