WICKER, J.,
dissents with reasons.
_jjl respectfully dissent. It is my opinion that the trial court erred in denying Noble’s Motion for New Trial based on the erroneous jury instruction concerning OSHA’s applicability. Assuming that OSHA applies — for purposes of this dissent only — the instruction that a violation of OSHA constitutes negligence was misleading and contributed to the jury’s verdict in this case.
The trial court gave the jury the following instructions regarding the OSHA regulation:
Occupational Safety and Health Administration or OSHA regulations are applicable to the NOBLE LESTER PET-TUS and plaintiff. Therefore, Noble Drilling US, Inc. is required by law to meet the standards and rules set forth by OSHA. OSHA standards require that when a workplace contains hazardous materials, premises owners are required to communicate the hazard of these chemicals to employees of contractors working on its premises.
According to OSHA, mercury is considered a hazardous material. OSHA defines a hazardous material as any chemical which is a physical hazard or health hazard. Violating OSHA standards constitutes negligence.[1]
The trial judge instructed the jury that violating an OSHA regulation “constitutes negligence.” This is an instruction to the jury that a finding of a violation of OSHA is negligence per se. See Picou v. Ferrara, 483 So.2d 915, 918 (La.1986) Land Duzon v. Stallworth, 01-1187 (La.App. 1 Cir. 12/11/02), 866 So.2d 837, 849-850; see also Rabon, 672 F.2d at 1238, n. 13 (implicitly finding that jury was instructed on negligence per se, but pretermitting decision because the defendant failed to object to the instruction at trial nor assign the issue as error on appeal).
Under the doctrine of negligence per se, the general standard of care is replaced by the specific rule of conduct contained in the statute. Dougherty v. Santa Fe Marine, Inc., 698 F.2d 232, 234 (5th Cir.1983) (citing Swoboda v. United States, 662 F.2d 326, 329 (5th Cir.1981), cert. denied, 457 U.S. 1134, 102 S.Ct. 2961, 73 L.Ed.2d 1351 (1982)). If the statute is violated, the defendant is deemed to have breached the standard of care and therefore, acted negligently as a matter of law. Id. at 234-35; see ateo Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231, 1238, n. 13 (5th Cir.1982).
Under the specific facts in this case, Noble’s violation of an OSHA regulation does not constitute negligence per se. Louisiana courts and the United States Fifth Circuit Court of Appeals have held that a non-employer’s violation of an OSHA standard does not constitute negligence per se. See Manchack v. Willamette Industries, Inc., 621 So.2d 649, 652 (La.App. 2 Cir.1993), writ denied, 629 *848 So.2d 1170 (La.1993) (citing W. Keeton, et al., Prosser and Keeton on the Law of Torts § 36, at 231 (5th ed. 1984)) and Dixon v. International Harvester Co., 754 F.2d 573, 581-82 (5th Cir.1985) (OSHA regulations “may only be used to establish negligence per se when the plaintiff is an employee of the defendant”) (citing Melerine v. Avondale Shipyards, Inc., 659 F.2d 706, 713 (5th Cir.1981)).
Trial courts are required to “instruct jurors on the law applicable to the cause submitted to them.” La. C.C.P. art. 1792(B). Adequate jury instructions “fairly and reasonably point out the issues and ... provide correct principles of law for the jury to apply to those issues.” Adams v. Rhodia, Inc., 2007-2110, p. 6 (La. [5/21/08),s 983 So.2d 798, 804. “If the trial court omits an applicable, essential legal principle, its instruction does not adequately set forth the issues to be decided by the jury and may constitute reversible error.” Id.
When an erroneous jury instruction “probably contributed to the verdict,” the verdict must be set aside. Id. at p. 7, 983 So.2d at 804; see also Wegener v. Lafayette Ins. Co., 2010-0810, p. 8 (La.3/15/11), 60 So.3d 1220, 1227. Although Louisiana courts and the United States Fifth Circuit have held that OSHA regulations may be admissible as evidence of a non-employer's negligence, such violations do not constitute negligence per se. Therefore, the trial court improperly instructed the jury that a finding of a violation of OSHA in this case is equivalent to a finding that Noble was negligent. This flawed instruction interfered with the jury’s fact finding process and likely affected the outcome of the case. The trial court erred in denying a new trial based upon the erroneous jury instruction. Because it is my opinion that a new trial should have been granted, I do not address the parties’ remaining assignments of error.

. Noble objected to the court's OSHA-related jury instructions and raised the issue as an assignment of error on appeal.